LITTLE ROCK CLEANING SYSTEMS, INC., d/b/a Rainbow Sales & Service *v.* Richard WEISS, Director, Arkansas Department of Finance and Administration

96-463                                                              935 S.W.2d 268

Supreme Court of Arkansas
Opinion delivered December 23, 1996

*Jack, Lyon & Jones, P.A.*, by: *Eugene G. Sayre*, for appellant.

*Nina Orsini*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Little Rock Cleaning Systems, Inc., d/b/a/ Rainbow Sales & Service, appeals the order of the Pulaski County Chancery Court dismissing with prejudice its complaint for a refund of gross-receipts taxes it paid under protest. Upon the motion of Appellee, Richard Weiss, Director of the Arkansas Department of Finance and Administration, the chancellor dismissed the complaint pursuant to the provisions of ARCP Rule 12(b)(6). This appeal presents a question that requires interpretation of our statutes on gross-receipts tax; jurisdiction is in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3). Appellant makes three arguments for reversal. We find merit to the first argument and therefore reverse the order and remand for further proceedings. Accordingly, we need not address Appellant's other two arguments.

Appellant is an authorized distributor and wholesaler of Rainbow vacuum cleaners, which Appellant alleges have a unique water filtration system that is superior to a regular vacuum cleaner and bag. Appellant sells Rainbow vacuum cleaners through outside sales personnel who demonstrate the vacuums in customers' homes. During the audit period at issue in this case, the retail list price of the Rainbow vacuum cleaner ranged from $1,031.00 to $1,191.00. If the customer paid cash, he received a $50.00 cash discount. Usually, however, customers purchased under an installment sales contract. If these customers allowed the salesperson to dispose of

their old vacuum cleaners, Appellant offered them a "special discount," which ranged from $100.00 to $150.00 over the audit period. It is this special discount that is at issue in this appeal.

According to Appellant's complaint, the special discount was offered as a marketing strategy that was designed to achieve three objectives from the unavailability of the old vacuum: (1) to prevent repossession of a Rainbow vacuum cleaner sold on an installment basis; (2) to put the customer in the position of using the Rainbow vacuum cleaner to its full potential; and (3) to ensure the customer's achievement of Appellant's claims of the Rainbow vacuum cleaner's performance. Appellant offered the same special discount regardless of whether the customer's vacuum was new, old, or even a nonelectric sweeper. Appellant disposed of the used vacuums by selling them in lots on an "as is" basis to the highest bid from various used vacuum cleaner shops. Generally, appellant received an approximate average of $10.00 for each vacuum it sold to the used vacuum cleaner shops.

Appellant's salespeople computed and collected the gross-receipts tax on each sale of a Rainbow vacuum cleaner. They calculated the tax based on the retail list price less any cash discount or special discount taken by the customer. Appellant's monthly gross-receipts tax reports reflected this calculation of the tax.

Appellee's office audited Appellant's reports for the period of July 1, 1988, through May 31, 1991, and assessed additional taxes and interest of $10,279.12 against Appellant on the basis that Appellant failed to charge and collect tax on the amount shown on its invoices as a special discount that was deducted from the retail list price. The audit did not result in an additional assessment of tax against the $50.00 cash discount.

Appellant protested the additional assessment following the audit, and the administrative law judge upheld the assessment. The commissioner of revenues refused Appellant's request pursuant to Ark. Code Ann. § 26-18-405 (Supp. 1995) to revise the administrative law judge's decision. Appellant therefore paid under protest the additional assessment of $10,279.12 and filed this suit for refund in chancery court pursuant to Ark. Code Ann. § 26-18-406 (Repl. 1992). Appellant took a voluntary non-suit and then refiled the suit for refund.

In Appellee's Rule 12(b)(6) motion, he contended that gross

receipts includes the value of any property taken in lieu of or in addition to money as consideration for a sale. Appellee also contended that Appellant purported to reduce the retail price of its vacuums by the agreed value of the trade-in vacuums, which is the amount of the special discount. Appellee then argued that Appellant's reduction of its profit margin did not change the tax consequences of the transaction. Appellee argued further that Appellant's complaint was devoid of any authority requiring Appellee to look beyond Appellant's invoices to determine the actual value of trade-in merchandise rather than accepting Appellant's determination of that value as stated in the invoices. The chancellor considered Appellee's motion and brief in support and granted the dismissal with prejudice pursuant to the provisions of ARCP Rule 12(b)(6). This appeal followed.

Appellant's first argument for reversal is that the trial court erred in granting the Rule 12(b)(6) dismissal because the complaint does indeed state facts upon which relief can be granted. We agree that the complaint states facts sufficient to survive a Rule 12(b)(6) motion and reverse and remand for further proceedings.

In support of the additional assessment, Appellee relies on the definition of "gross proceeds" or "gross receipts" in Ark. Code Ann. § 26-52-103(a)(4) (Supp. 1995), which includes the total amount of consideration for the sale of tangible personal property, "whether the consideration is in money or otherwise" and the Arkansas Department of Finance and Administration's Gross Receipts Tax Regulation GR-3.C.(3), which provides that gross receipts or gross proceeds "includes the value of any property taken in lieu of or in addition to money as consideration for a sale." In defense of this appeal, Appellee argues that the chancellor properly determined that Appellee was correct in its interpretations of Section 26-52-103(a)(4) and the corresponding regulations and was therefore correct in granting the dismissal as a matter of law. Appellee's argument completely overlooks the fact that this was a dismissal under Rule 12(b)(6) and not a judgment on the pleadings or summary judgment. Appellee, after all, is the one who moved for the dismissal based on Rule 12(b)(6). ·

■■ Rule 12(b)(6) provides that a motion to dismiss a complaint may be made for the complaint's "failure to state facts upon which relief can be granted[.]" When considering a Rule 12(b)(6) motion to dismiss, the trial court treats the facts alleged in

the complaint as true and views them in the light most favorable to the party who filed the complaint. *Neal* v. *Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994). In deciding such motions, the trial court must look only to the allegations contained in the complaint. *Id.* However, Rule 12(b) provides that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, it is improper for the trial court to look beyond the complaint to decide a Rule 12(b)(6) motion unless it treats the motion as one for summary judgment. *Deitsch* v. *Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992). Here, we are confident the chancellor did not treat this motion as one for summary judgment because the express terms of the chancellor's order clearly state that she considered only the motion for dismissal and brief in support. In addition, the record before us contains only the complaint, the motion to dismiss based on Rule 12(b)(6), and an answer.

█ Rule 12(b)(6) must be read in conjunction with Rule 8, which sets out the requirements for a complaint. *Spires* v. *Members of the Election Comm'n*, 302 Ark. 407, 790 S.W.2d 167 (1990). A complaint that merely alleges conclusions without alleging facts does not state facts upon which relief can be granted and may therefore be subject to a Rule 12(b)(6) dismissal. *Hollingsworth* v. *First Nat'l Bank & Trust Co.*, 311 Ark. 637, 846 S.W.2d 176 (1993). In testing the sufficiency of the complaint on a motion to dismiss, the complaint is to be liberally construed as provided in ARCP Rule 8(f). *Id.*

The complaint before us alleges that Appellee's assessment of additional gross-receipts tax was in violation of the gross-receipts tax laws and regulations because the amount of the special discount Appellant granted to its customers was not the value of the used vacuum that the customer traded in. Alternatively, the complaint alleges that if the used vacuum cleaners did constitute part of the gross receipts of the sale, then Appellee's determination that the

value of the used vacuums was equal to the amount of the special discount was erroneously overstated. In support of these allegations, the complaint alleged the following facts: Appellant offered the same special discount of $100.00 or $150.00 regardless of whether the customer's vacuum was new, old, or even a nonelectric sweeper; Appellant disposed of the used vacuums by selling them in lots on an "as is" basis to the highest bid from various used vacuum cleaner shops; generally, Appellant received an approximate average of $10.00 for each vacuum it sold to the used vacuum cleaner shops.

■ We conclude that the aforementioned facts are sufficient to survive a motion to dismiss for failure to state facts upon which relief can be granted. The complaint does more than state mere allegations; it supports those allegations with facts. The chancellor therefore erred in dismissing this complaint pursuant to Appellee's Rule 12(b)(6) motion because, by alleging that the discount was not based on the value of the vacuum cleaners received by Appellant, facts alleging a claim for relief have been pleaded. We reverse and remand for further proceedings.

We note that both dissents confuse resolution of a question of law with entering judgment as a matter of law. Here, although we have said the complaint is sufficient to survive a Rule 12(b)(6) dismissal, unlike the dissenting opinions, we express no view as to whether the proof presented on the claim will entitle Appellant to the relief it seeks.

Reversed and remanded.

DUDLEY, GLAZE, and ROAF, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. The facts, taken from the complaint as being true, are that the taxpayer was in the business of selling vacuum cleaners at suggested retail prices ranging from $1,031.00 to $1,191.00 per unit; if the customer paid cash, the customer received a $50.00 cash discount; if the customer traded in a used vacuum cleaner the customer received a trade-in allowance or "special discount" of $100 to $150. The "special discount" given for the trade-in vacuum cleaners was not included by the taxpayer as part of the total consideration when the sales tax was calculated on the sale, even though there is no dispute that the trade-in vacuum cleaner had value. The taxpayer did not collect, nor did it remit, sales tax on the amount of the "special discount." The issue on appeal is whether sales tax is due on the amount of the "special

discount." The chancellor dismissed the taxpayer's suit for a refund because its complaint did not state a cause of action.

The majority opinion reverses the ruling of the chancellor and holds that the taxpayer's complaint states a cause of action because "the discount was not based on the value of the vacuum cleaners received by" the taxpayer. I dissent from that holding.

As a matter of law, unless expressly exempted, gross proceeds or gross receipts includes not only the cash consideration, but also the value of any property traded in and accepted as partial consideration in the purchase of new property. Section 26-52-301 of the Arkansas Code Annotated provides:

> There is levied an excise tax of three percent (3%) upon the gross proceeds or gross receipts derived from all sales to any person of the following:
>
> (1) Tangible personal property ... .

Section 26-52-103 provides:

> (a) The following words and phrases, except where the context clearly indicates a different meaning, when used in this act shall have the following meanings:
>
> . . . .
>
> (4) "Gross receipts" or "gross proceeds" means the *total amount of consideration* for the sale of tangible personal property and such services are herein specifically provided for, *whether the consideration is in money or otherwise, without any deduction* on account of the cost of the properties sold, labor service performed, interest paid, *losses, or any expenses whatsoever.*

Ark. Code Ann. § 26-52-103 (Supp. 1996) (emphasis added).

The Department's Gross Receipts Tax Regulations define "Gross receipts or gross proceeds" as:

> (1) [T]he total amount of consideration for the sale of tangible personal property and such services as are herein provided for, whether the consideration is in money or otherwise, without any deduction ... [for] ... losses or any expenses whatsoever.

. . . .

    (3) The term "Gross Receipts" or "Gross Proceeds" includes *the value of any property taken in lieu of or in addition to money as consideration for a sale.*

Arkansas Department of Finance and Administration Gross Receipts Tax Regulation GR-3.C.(1) & (3) (emphasis added).

    The "total amount of consideration of the sale[,] ... whether the consideration is in money or otherwise," means the agreed value of the sale. It can mean nothing else. The amount the customer is told that he or she is paying for the vacuum cleaner is the agreed value.

    Indeed, the gross-receipts tax by its very nature is a tax on the purchaser, not on the seller, and that renders any value that the seller may later get by reselling the trade-in irrelevant. The majority opinion states that the taxpayer stated a cause of action because the discount was not based on the value of the vacuum cleaners received by the seller. The majority opinion fails to understand that the value ultimately received by the seller is immaterial. Under both the statute and the regulation it is the agreed value that determines the amount of tax.

    The Department has always construed the statute and its regulations to mean that agreed value is the proper valuation for trade-in property. We have frequently held that the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. *Douglass v. Dynamic Enters., Inc.,* 315 Ark. 575, 869 S.W.2d 14 (1994).

    The few courts that have passed on the question agree that taxing authorities are entitled to accept agreed value in valuing trade-in property. *See* 68 Am. Jur. 2d *Sales and Use Tax* § 180 (1993); Annotation, *Computation of Sales Tax where Property is turned in by Purchaser,* 4 A.L.R. 2d 1059, 1063 (1949); Annotation, *Computation of Sales Tax,* 150 A.L.R. 1314 (1944); and *see* the survey of older cases contained in *Hawley v. Johnson,* 58 Cal. App. 2d 232, 136 P.2d 638 (1943). The majority opinion cites no authority whatsoever for its holding, and the writer of this dissenting opinion is unable to find any other case in the nation that holds as does the majority opinion.

The holding of the majority opinion is also wrong as a practical matter. It will result in inconvenience and uncertainty for both the public and the Department. A sale will no longer be valued on the date of the sale and will no longer be at the agreed sales price, but rather will be valued on the date the trade-in is ultimately resold and it will then reflect the amount of the trade-in. It follows that the amount of sales tax to be paid by the purchaser cannot be known until the trade-in is resold. The purchaser has traditionally paid the tax on the agreed amount on the date of the sale, but now the amount will not be known on the date of the sale. This plight may not cause a significant inconvenience when a vacuum cleaner is sold, but the majority opinion will necessarily govern all sales-tax collections and will apply to the sale of high price items where trade-ins are frequently accepted, such as automobiles, boats, airplanes, and diamonds. Some purchasers may be required to wait months until they know the amount of the sales tax on their purchase. Additional complications may arise when the purchasers must show that they have paid the sales tax before the property can be licensed, as is the case when a car or truck is purchased. Without doubt, the Department will have a difficult time administering sales-tax collections under these conditions. For these reasons, I dissent.

GLAZE and ROAF, JJ., join in this dissent.

ANDREE LAYTON ROAF, Justice, dissenting. I do not agree that Rainbow's complaint is sufficient to survive a Rule 12(b)(6) motion, because based on the facts pled, Rainbow does not have a cause of action. Moreover, I agree with Justice Dudley that this decision will have adverse consequences on the assessment of sales taxes where high-priced trade-ins are involved, and the majority's caveat that Rainbow may not be able to present proof of its claim does not change the import of this holding. Although Rainbow takes issue with the trial court's interpretation of the gross receipt statute, Ark. Code Ann. § 26-52-103(a)(4) (Repl. 1994), the majority claims not to reach this argument and instead determines that the trial court erroneously dismissed the complaint pursuant to Rule 12(b)(6) because Rainbow alleged facts which constitute a claim for relief.

I do not agree that the trial court erred in granting the motion to dismiss where the sole issue to be resolved is a matter of law. Had this court previously adopted the "agreed value" approach to assess-

ing sales tax where trade-ins are involved, the Rule 12(b)(6) dismissal would have been appropriate. It is equally appropriate for this court to adopt this "agreed-value" approach in this appeal.

Moreover, if a motion to dismiss is not a proper mechanism to resolve a legal issue, we have not drawn this distinction in the past. This court has resolved questions of law in the context of appeals from Rule 12(b)(6) dismissals on a number of occasions. *See Lawhon Farm Supply Inc.* v. *Hayes*, 316 Ark. 69, 870 S.W.2d 729 (1994) (dismissal affirmed because question of duty owed is a question of law); *Brandt* v. *St. Vincent Infirmary*, 287 Ark. 431, 701 S.W.2d 103 (1986) (dismissal affirmed because court determined that private hospitals should not be held to the Fourteenth Amendment reasonableness standard of public hospitals); *Allred* v. *Arkansas Dep't of Correction Sch. Dist.*, 322 Ark. 772, 912 S.W.2d 4 (1995) (dismissal reversed — court held that the Department of Correction School District is a public school district as a matter of law); *Gordon* v. *Planters & Merchants Bancshares, Inc.*, 310 Ark. 11, 832 S.W.2d 492 (1992) (dismissal reversed where interpretation of law was in dispute — statute construed to allow cause of action by a customer against a collecting bank for charge-backs); *Attwood* v. *Estate of Attwood*, 276 Ark. 230, 633 S.W.2d 366 (1992) (dismissal reversed — court held for the first time that an unemancipated minor may sue a parent for a willful tort); *Blagg* v. *Blagg*, 272 Ark. 185, 612 S.W.2d 231 (1981) (dismissal reversed — court extended liability of builder-vendor for implied warranty of fitness of habitation to subsequent purchasers).

Two of these cases resulted in the affirmance of the trial court's dismissal, not merely for failure to *state* a cause of action, but for failure to *have* a cause of action, as a matter of law. In *Brandt, supra,* this court had the option of affirming the dismissal or affirming on the basis of summary judgment, as the appellee had moved for both. Indeed, the concurring justices in *Brandt* took issue with the majority's resolution of the legal question presented and instead would have affirmed on the basis of a summary judgment.

Here, in arguing that the Rule 12(b)(6) dismissal was procedurally improper, Rainbow attempts to manufacture a factual dispute, and the majority has swallowed this argument. However, the issue is which of the two values pled by Rainbow is appropriate for tax purposes; this is clearly a legal, not a factual, dispute.

Finally, Rainbow contends that the Rule 12(b)(6) dismissal

was improper because DFA referred to sales tickets, invoices, and bills of sale in its brief in support of the motion to dismiss, and such documents were not attached to the pleadings before the court. Rainbow's argument ignores the fact that all the necessary facts to support the trial court's dismissal were contained in its lengthy and detailed complaint; the trial court did not need to refer to any other documents in reaching its decision. Accordingly, the trial court's Rule 12(b)(6) dismissal was a proper mechanism to decide this legal question of first impression and is consistent with prior decisions of this court.

I would reach the legal question presented now; this court will eventually have to do so, as this case will likely return on an appeal from summary judgment.

I respectfully dissent.

DUDLEY, J., joins in this dissent.