Rebekah Priest CYPHERS *v.* UNITED PARCEL SERVICE

CA 98-498                                           985 S.W.2d 330

Court of Appeals of Arkansas
Division III
Opinion delivered February 10, 1999

*Tolley Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Friday, Eldredge & Clark*, by: *James C. Baker* and *Betty J. Demory*, for appellee.

M ARGARET MEADS, Judge. This is the second appeal to this court of this workers' compensation matter. In CA 97-5, *Priest v. United Parcel Serv.*, 58 Ark. App. 282, 950 S.W.2d 476 (1997), appellant challenged the Commission's determination that she sustained a five-percent impairment to the body as a whole. This rating was based upon an independent medical evaluation by Dr. Jim Moore. Appellant sought to cross-examine Dr. Moore at the hearing before an administrative law judge, but the law judge failed to issue a subpoena at appellant's request. At the hearing on her claim, appellant objected to the introduction of Dr. Moore's report arguing that she was denied her due-process right to cross-examine Dr. Moore. Nonetheless, the report was admitted into evidence. The law judge then cited Dr. Moore's report and held that his rating of five-percent impairment was more accurate than that of appellant's treating physician, who had assigned a rating of fifteen-percent impairment. The full Commission affirmed and adopted the decision of the law judge.

In the first appeal we held that we could not reach the merits of appellant's due-process argument because the Commission failed to make findings of fact in support of its conclusion that appellant was not denied due process, and we remanded for the Commission to make specific findings of fact on the issue. We specifically stated that we did not reach the merits of appellant's

appeal; we did not decide whether appellant had a valid constitutional claim; and we did not decide whether there was substantial evidence to support the Commission's award.

On remand, the Commission again held that appellant's due-process rights were not violated, and this appeal, CA 98-498, followed. Appellant now argues, as she did in the prior appeal, that she was denied due process of law. Unfortunately, we are again unable to reach the merits of this matter because appellant has failed to comply with the briefing requirements of Ark. Sup. Ct. R. 4-2(a)(6).

■ Arkansas Supreme Court Rule 4-2(a)(6) provides that on a second or subsequent appeal, the abstract shall include a condensation of all pertinent portions of the record filed on any prior appeal. Appellant has failed to provide us with any abstract of the record filed on her prior appeal. Neither has appellant provided us with any argument regarding whether there is substantial evidence to support the Commission's award.

■ When appellant's abstract is insufficient, Rule 4-2(b)(2) provides that the judgment may be affirmed for noncompliance with the Rule, or if the court considers that action to be unduly harsh, appellant's attorney may be allowed time to revise the brief, at his own expense, to conform to Rule 4-2(a)(6). In the instant case, the cover sheet of each party's brief indicates the case numbers of both the first and second appeal. Further, appellant's statement of the case says that this case "involves a consolidation of two appeals," and it also discusses both CA 97-5 and CA 98-498. Under the circumstances, we conclude that affirmance would be unduly harsh, and allow appellant to file a new brief conforming to the abstracting requirement of Rule 4-2(a)(6). Appellant's revised brief is to be filed no later than forty days from the date of this opinion. Appellee may then respond within thirty days of the date appellant's brief is filed, and appellant's reply brief will be due fifteen days after appellee's brief is filed. *See* Ark. Sup. Ct. R. 4-4.

Remanded for rebriefing.

ROBBINS, C.J., and BIRD, J., agree.