Rebekah Priest CYPHERS *v.* UNITED PARCEL SERVICE

CA 98-498                                                3 S.W.3d 698

Court of Appeals of Arkansas
Division II
Opinion delivered November 10, 1999

*Tolley Brooks, P.A.,* by: *Jay N. Tolley,* for appellant.

*Friday, Eldredge & Clark,* by: *James C. Baker* and *Betty J. Demory,* for appellee.

MARGARET MEADS, Judge. This is the third time this issue has been before us. Appellant again challenges the Commission's determination, based upon an independent medical examination report by Dr. Jim Moore, that she sustained a five-percent permanent physical impairment to the body as a whole. She argues that she was denied her due process right to cross-

examine Dr. Moore when the Commission failed to issue a requested subpoena.

In the first appeal, *Priest v. United Parcel Serv.*, 58 Ark. App. 282, 950 S.W.2d 476 (1997), we held that we could not reach the merits of appellant's due-process argument because the Commission failed to make findings of fact in support of its conclusion that appellant was not denied due process, and we remanded for the Commission to make specific findings of fact on the issue. On remand, the Commission again held that appellant's due process rights were not violated. In the second appeal, *Cyphers (Priest) v. United Parcel Serv.*, 65 Ark. App. 107, 985 S.W.2d 330 (1999), we were unable to reach the merits of appellant's due-process argument because appellant failed to comply with the briefing requirements of Ark. Sup. Ct. R. 4-2(a)(6), and we remanded for rebriefing to allow appellant to file a new brief conforming to Rule 4-2. Appellant's new brief was filed April 20, 1999, and the case is now before us for decision.

Appellant sustained a compensable injury to her back on November 2, 1990. Dr. Phillip Johnson, appellant's primary treating physician, assigned a fifteen-percent permanent physical impairment rating to the body as a whole. Subsequently and at appellee's request, appellant agreed to an independent medical evaluation by Dr. Jim Moore, who examined appellant on September 13, 1993, and assigned appellant a physical impairment rating of five percent to the body as a whole. After receiving Dr. Moore's independent medical examination report, appellant wrote to Dr. Moore requesting clarification and stating that she would like to depose him in regard to his report. Appellee's attorney scheduled Dr. Moore's deposition and informed appellant that Dr. Moore's deposition fee was $450 for the first hour and $250 per hour for every hour after that. In a letter to the administrative law judge dated March 14, 1994, appellant contended that Dr. Moore's compensation was limited under Workers' Comp. Comm. R. 30 to $25 per quarter hour. On March 30, 1994, the law judge wrote counsel for both parties that Rule 30 Part I A.4 provides that an independent medical examination is exempt from Rule 30. The law judge also said that he had talked with Dr. Moore's office in an attempt to persuade him to charge a more reasonable fee, but he was unsuccessful. No change was made to Dr. Moore's fee, and appellant canceled the deposition. On March 31, 1994, on the assumption that appellee

intended to introduce Dr. Moore's report, appellant wrote the law judge requesting that appellee produce Dr. Moore at the hearing for cross-examination by way of subpoena pursuant to Workers' Comp. Comm. R. 20 and Ark. Code Ann. § 11-9-705(c)(2)(B) (Repl. 1996). Appellee refused, and appellant sought a subpoena for Dr. Moore pursuant to Ark. Code Ann. § 11-9-706(a)(Repl. 1996). The law judge refused to issue the subpoena.

At the hearing held August 17, 1994, appellant objected to the introduction of Dr. Moore's report on the basis that appellee failed to produce Dr. Moore for cross-examination after being requested to do so and that the law judge refused to subpoena Dr. Moore to the hearing. Appellant argued that she was denied due process because she was unable to cross-examine Dr. Moore. Appellee contended that it made Dr. Moore available for deposition and that Rule 30 cost-containment procedures did not apply to Dr. Moore, an independent medical evaluation physician. Appellant responded that if that were so, she was deprived of her due process right of cross-examination because she could not afford to pay Dr. Moore's charges. Appellant stated further that Dr. Moore said that he had been furnished with additional information, that she did not know what that information was, and that was one of the things about which she wanted to depose Dr. Moore. The administrative law judge concluded that appellant was not denied due process by the admission of Dr. Moore's report; that Dr. Moore's rating was more accurate than that of Dr. Johnson; and awarded appellant an ana-tomical impairment rating of five percent to the body as a whole. The opinion was silent in regard to the fee issue. The full Commis-sion affirmed and adopted the decision of the law judge.

On remand after the first appeal for the Commission to make specific findings of fact, the Commission again held that appellant's due process rights were not violated and that appellant was not denied the right of cross-examination when the administrative law judge refused to issue a subpoena for Dr. Moore. The Commission held that Dr. Moore was made available to appellant pursuant to Workers' Comp. Comm. R. 20; that the rule provided that appel-lant pay the attendance fee charged for a deposition or a hearing; and that appellant canceled the deposition because she did not want to pay Dr. Moore's fee. The Commission concluded that even if a subpoena had been issued, appellant would have to pay Dr. Moore's attendance fee of $450 pursuant to Rule 20, which appellant had

already refused to do. The Commission in effect held that appellant had "waived" her right to cross-examination and that the law judge made the correct decision in refusing to issue the subpoena.

In the appeal before us, appellant argues, as in the prior appeal, that she was denied due process. Appellant argues that the Commission erred in holding that Rule 20 allowed Dr. Moore to charge his regular attendance fee for either a deposition or a hearing, and in holding that even if a subpoena had been issued appellant would have had to pay Dr. Moore's attendance fee of $450. Appellant contends that fee is prohibited by Rule 30, which limits the fee to $25.67 per quarter hour including preparation time, and that the Commission effectively denied her due process by its interpretation of Rule 20 *"vis-a-vis"* Rule 30. We agree.

Arkansas Code Annotated section 11-9-205(a)(1)(A) (Repl. 1996) provides that the Commission may make such rules and regulations as may be found necessary. Workers' Compensation Commission Rule 20 provides:

> In the event a written report of a physician, osteopath, or chiropractor is offered in evidence and the right of cross-examination is requested, it will be granted. The party offering the report must produce the author of the report for cross-examination, but the attendance fee or charge of the witness is the liability of the party requesting cross-examination.

Workers' Compensation Commission Rule 30, promulgated pursuant to Ark. Code Ann. § 11-9-517 (1987), established a medical-cost-containment program; it contains six parts and is a comprehensive measure with extensive provisions regarding proper procedures for payment of medical costs. *Burlington Indus. v. Pickett*, 336 Ark. 515, 988 S.W.2d 3 (1999). The rule provides:

PART I GENERAL PROVISIONS

> Pursuant to Ark. Code Ann. § 11-9-517 (1987) the following rule is hereby established in order to implement a medical cost containment program.

A. Scope.

1. This rule does all of the following:

. . .

(b) Establishes schedules of maximum fees by a health facility or health care provider for such treatment or attendance, service, device, apparatus, or medicine.

. . .

4. An independent medical examination performed to evaluate legal liability of a case, or for purposes of litigation of a case, shall be exempt from this rule.

. . .

F. Definitions.

As used in these rules:

30. "Independent medical examination" means an examination and evaluation conducted by a practitioner different from the practitioner providing care.

. . .

H. Independent medical examination to evaluate medical aspects of case.

1. An independent medical examination shall include a study of previous history and medical care information, diagnostic studies, diagnostic x-rays, and laboratory studies, as well as an examination and evaluation. This service may be necessary in order to make a judgment regarding the current status of the injured or ill worker, or to determine the need for further health care.

2. An independent medical examination, performed to evaluate the medical aspects of a case, shall be billed using the independent medical examination procedure code 99199 (BR), and shall include the practitioner's time only. The office visit charge is included with the code 99199 and may not be billed separately.

3. Any laboratory procedure, x-ray procedure, and any other test which is needed to establish the worker's ability to return to work shall be identified by the appropriate procedure code established by this rule.

. . .

P. Deposition/Witness fee limitation.

1. Any health care provider who gives a deposition shall be allowed a witness fee.

2. Procedure Code 99075 must be used to bill for a deposition.

3. Reimbursement for a deposition is limited to $25.67 per quarter hour (includes preparation time).

4. This limitation does not apply to an expert witness who has never provided direct professional services to a party or who has provided only direct professional services which were unrelated to the Workers' Compensation case.

■ When reviewing the Commission's interpretation and application of its rules, we give the Commission's interpretation great weight; however, if an administrative agency's interpretation of its own rules is irreconcilably contrary to the plain meaning of the regulation itself, it may be rejected by the courts. *Burlington Indus., supra.* An administrative agency's interpretation of a statute or its own rules will not be overturned unless it is clearly wrong. *Arkansas Dept. Human Serv. v. Hillsboro Manor Nursing Home, Inc.,* 304 Ark. 476, 803 S.W.2d 891 (1991).

■ Here, the Commission erred in rejecting appellant's argument that Dr. Moore's fee is limited by Rule 30. Rule 30 Part I A.4 provides that "an independent medical examination performed to evaluate legal liability of a case, or for purposes of litigation of a case shall be exempt from this rule." Subpart F defines an independent medical examination as "an examination and evaluation conducted by a practitioner different from the practitioner providing care." Subpart H defines what an independent medical examination includes, and provides that it should be billed using the independent medical examination procedure code 99199. Neither attendance at a hearing nor attendance at a deposition is included in the definition of an independent medical examination. Moreover, subpart P provides a limitation of $25.67 per quarter hour on deposition/witness fees and states that procedure code 99075 must be used to bill for a deposition. If the deposition/witness fee were an "independent medical examination" under the rule, there would be no need for a separate procedure code for billing purposes. Thus, under the clear wording of the rule, attendance at a hearing or deposition is not an "independent medical examination" exempt from Rule 30.

■ Here, the Commission found that appellant would have had to pay Dr. Moore's attendance fee of $450 pursuant to Rule 20 even if a subpoena were issued, thus implicitly finding that Rule 30 did not apply to Dr. Moore's fee. This finding was clearly wrong.

■ Although the Workers' Compensation Commission is not bound by technical or statutory rules of evidence or by technical or formal rules of procedure, Ark. Code Ann. § 11-9-705(a)(1)(Repl. 1996), the right to cross-examine adverse witnesses extends to parties appearing before the Commission. *Davis v. Arkansas Best Freight Sys.*, 239 Ark. 632, 393 S.W.2d 237 (1965). The Commission has the power to issue subpoenas to compel attendance and testimony of witnesses, Ark. Code Ann. § 11-9-706(a), and has adopted Rule 20 which provides that if the right of cross-examination is requested, "it will be granted."

■ The Commission's power to issue subpoenas cannot be exercised in such a way that a party is denied a reasonable opportunity to cross-examine an adverse witness. *Cf. Smith v. Everett, Dir.,* 276 Ark. 430, 432, 637 S.W.2d 537, 538 (1982) (in a proceeding before the Appeal Tribunal, the opportunity to subpoena and cross-examine witnesses is a component of due process). In *Smith,* our supreme court stated that "[t]he United States Supreme Court, in interpreting the rights of an individual in adjudicatory administrative proceedings, has held that before state-granted benefits (welfare) can be taken away the claimant must be given an opportunity to confront and cross-examine adverse witnesses at an evidentiary hearing." Further,

> Where reliance is placed by an administrative agency upon testimony of certain witnesses in making a critical factual determination, it will be an abuse of discretion to fail to hear material evidence which might impeach, not only the testimony, but the findings made by the agency as well. (Citation omitted.)

*Arkansas Pub. Ser. Comm'n. v. Continental Tel. Co.*, 262 Ark. 821, 838, 561 S.W.2d 645, 655 (1978). Although these decisions involved administrative agencies other than the Workers' Compensation Commission, we find them analogous and persuasive with regard to the issue before us.

■ We hold that the Commission erred in refusing to issue a subpoena for Dr. Moore as requested. Not only did the Commis-

sion erroneously interpret Rule 30, but it also ignored the plain language of Rule 20 and denied appellant her right of cross-examination. We therefore reverse and remand to the Commission to allow appellant her right to cross-examination, consistent with this opinion and the cost limitations of Rule 30.

Reversed and remanded.

HART and CRABTREE, JJ., agree.