Dr. Linda C. Hodges, Chair Arkansas Primary Care Nursing Practice and Education Student Loan and Scholarship Program Board 4301 W. Markham, Slot 529 Little Rock, AR 72205-7199
Dear Dr. Hodges:
You have requested an Attorney General opinion concerning the duties of the board for the Arkansas Rural Advanced Nursing Practice and Nurse Educator Student Loan and Scholarship Program, which is governed by the provisions of A.C.A. § 6-81-1201 et seq.
You have presented the following question:
 Has the board appropriately interpreted the term "year," as used in A.C.A. § 6-81-1204 in reference to the required length of employment that will be required for the cancellation of a loan?
RESPONSE
It is my opinion that the board has appropriately interpreted the term "year," as used in A.C.A. § 6-81-1204 in reference to the required length of employment that will be required for the cancellation of a loan.
The applicable statutes (A.C.A. § 6-81-1201 et seq.) provide that the board may make educational loans to certain qualifying nursing students. These loans may be "rural advanced nursing practice" loans, or "nurse educator" loans. Under the loan contract, the loan recipients agree that upon completion of the graduate degree and receipt of national certification, they will (depending upon which type of loan they received) either practice advanced primary care nursing full time in a rural community, or will teach in an Arkansas school of nursing. The board is authorized to cancel the loan and its accrued interest in exchange for certain amounts of time employed by the loan recipient pursuant to this contract.
More specifically, the authorizing statute states:
 (B) For each continuous whole calendar year of advanced primary care nursing practice or academic calendar year for teaching in accordance with subdivision (c)(1)(A) of this section, the board shall cancel, by converting to a scholarship grant, the full amount of one (1) year's loan, plus accrued interest;
A.C.A. § 6-81-1204(c)(1)(B).
You indicate that a question has arisen concerning the meaning of the term "year" as used in the above-quoted statutory provision in reference to the required length of employment that will be required for the cancellation of a loan. The board has proposed that the term be interpreted as follows:
• For one semester or two semesters of sequential funding, one year of full-time employment will be required. If they receive two semesters of sequential funding — regardless of academic or calendar year — they are obligated to work one year. If they accept only one semester of funding, they are still obligated to work one year.
• A year of full-time employment for nurse practitioners will be twelve (12) calendar months.
• A year of employment of nurse educators will be an academic year, per policy of the employing institution, whether nine, ten, eleven, or a twelve-month contract.
It is my opinion that the above interpretation of the term "year," as used in A.C.A. § 6-81-1204, is well within the authority of the board to promulgate, and is also within the spirit of the statutes governing the scholarship program.
The Arkansas Supreme Court has frequently held that the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. Cyphers V. United Parcel Service,68 Ark. App. 62, 3 S.W.3d 698 (1999); Little Rock Cleaning Sys. Inc. v.Weiss, 326 Ark. 1007, 935 S.W.2d 268 (1996); Douglass v. DynamicEnters., Inc., 315 Ark. 575, 869 S.W.2d 14 (1994).
Under the statutes that govern the Arkansas Rural Advanced Nursing Practice and Nurse Educator Student Loan and Scholarship Program, the board is given substantial authority concerning the implementation of the program. Among the board's duties and responsibilities is the following:
(b) The board shall:
 (1) Promulgate reasonable rules and regulations as may be necessary to execute the provisions of this subchapter, including regulations addressing:
 (F) All matters relating directly to the agreement for providing these scholarship funds or financial aid, including the terms and conditions of providing financial aid to the student and relating to the obligation of the recipient of financial aid to engage in the nursing profession in a rural community or as a nurse educator in an Arkansas school of nursing;
A.C.A. § 6-81-1201(b)(1)(F).
It is my opinion that this broad grant of authority to the board concerning matters relating to the loan contracts empowers the board to interpret the term "year" as applied to those contracts. Moreover, the board's proposed interpretation does not appear to be at odds with the spirit of the program, and therefore cannot be said to be "clearly wrong." For this reason, it is my opinion that a court considering this interpretation would uphold it under the standard stated previously.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh