Faith Fields, MSN, RN Executive Director Arkansas State Board of Nursing 1123 South University, Suite 800 Little Rock, AR 72204
Charles Campbell, Pharm.D. Executive Director Arkansas State Board of Pharmacy 101 East Capitol, Suite 218 Little Rock, AR 72201
Dear Ms. Fields and Dr. Campbell:
You have requested an official Attorney General's opinion regarding the authority of advanced practice nurses. Your question is:
 Do advanced practice nurses with prescriptive authority have the implied authority pursuant to applicable law to give sample prescription drugs to patients?
Response
Although Arkansas law does not expressly address the issue you have raised, it is my opinion that advanced practice nurses with prescriptive authority do have the implied authority to give sample prescription drugs to patients.
As you noted in your correspondence, nurses who have attained the level of nursing practice known as "advanced practice nursing," pursuant to A.C.A. § 17-87-102(3), may be granted prescriptive authority under A.C.A. § 17-87-310.[1] Under that statute, advanced practice nurses with prescriptive authority "may receive and prescribe drugs, medicines, or therapeutic devices appropriate to the advanced practice nurse's area of practice in accordance with rules established by the board." A.C.A. §17-87-310(b)(1). Chapter 4, § VIII of the Arkansas State Board of Nursing Rules and Regulations governs the prescriptive authority of advanced practice nurses. Section VIII(F) expressly permits advanced practice nurses to receive pre-packaged drugs samples. It is my understanding that the Board has interpreted this section to permit advanced practice nurses to both receive and administer pre-packaged drug samples.[2] See ASBNUpdate, dated February, 1998, p. 2; Letter dated November 16, 200, from ASBN to the Department of Health.
The foregoing statutory and regulatory provisions and holdings lead me to conclude that under Arkansas law, advanced practice nurses have implied authority to give prescription drug samples to patients. I base this conclusion on two rules of statutory interpretation.
First, the Arkansas Supreme Court has consistently held that statutes should not be interpreted in a manner that would lead to an absurd result or that would render the statute meaningless. See, e.g., AtT v. PublicServ., 344 Ark. 188, ___ S.W.3d ___ (2001); Burford Distributing, Inc.v. Starr, 341 Ark. 914, 20 S.W.3d 363 (2000); Yarbrough v. Witty,336 Ark. 479, 987 S.W.2d 257 (1999); Lawhon Farm Servs. v. Brown,335 Ark. 272, 984 S.W.2d 1 (1998); Citizens to Establish a Reform Party v.Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v. Fleet Mtg. Co.,319 Ark. 491, 892 S.W.2d 250 (1995). An interpretation of the prescriptive authority statute under which advanced practice nurses have the authority to receive drugs, but do not have a corresponding authority to give such drugs to patients would lead to an absurd result. In granting advanced practice nurses this authority to receive drugs, the legislature surely could not have intended that advanced practice nurses receive drugs for their own personal use. The clear intent was that these nurses be permitted to receive drugs so that they could give them to patients.
Second, the Arkansas Supreme Court has held that an agency's interpretation of a statute that it is charged with administering will be given deference and will not be overturned unless it is clearly wrong.See, e.g., Cyphers V. United Parcel Service, 68 Ark. App. 62,3 S.W.3d 698 (1999); Little Rock Cleaning Sys. Inc. v. Weiss, 326 Ark. 1007,935 S.W.2d 268 (1996); Douglass v. Dynamic Enters., Inc., 315 Ark. 575,869 S.W.2d 14 (1994). The Arkansas State Board of Nursing is explicitly charged with the responsibility of administering the statute granting prescriptive authority to advanced practice nurses. Because the Board interprets this statute as including a grant of authority to give prescription drug samples to patients, the courts will give that interpretation deference unless it can be shown to be clearly wrong.
It is my understanding that the argument against this interpretation is that advanced practice nurses are not explicitly exempted from the pharmacy laws restricting the distribution of drugs. The particular language on which this argument is based is apparently the language of A.C.A. § 17-92-102(a), which states:
 (a) Nothing in §§ 17-92-101(1)-(11), 17-92-102, 17-92-103, 17-92-105, 17-92-205(b), 17-92-206(b), 17-92-303, 17-92-402, 17-92-404, 17-92-405, 17-92-409, 17-92-410, and 17-92-411(a) shall prevent the personal administration of drugs and medicines carried and kept for emergencies by licensed physicians, dentists, or veterinarians in order to supply the immediate needs of their patients while in their presence, nor shall it apply to physicians, dentists, or veterinarians compounding or dispensing their own prescriptions.
A.C.A. § 17-92-102(a) (emphasis added).
The above-quoted language gives rise to the question of whether the term "dispensing," as used therein, was intended to include the giving of drug samples to patients. The term "dispensing," as used in this general sense, is not defined in the pharmacy laws or in the Pharmacy Board's general rules and regulations.[3]
It is my opinion that regardless of whether the term "dispensing," as used in the above-quoted provision, was intended to include the giving of drug samples, this provision does not, simply because it does not mention advanced practice nurses, indicate a legislative intent to exclude advanced practice nurses from the stated exemption. I base this conclusion on the fact that this provision was enacted in 1929 — long before the advent of advanced practice nursing, and certainly before advanced practice nurses were given prescriptive authority or the authority to receive drugs. I note that this provision also does not mention physicians' assistants, who also have prescriptive authority. At the time this provision was enacted, the only medical professionals who had prescriptive authority (and who therefore could be referred to as having "their own prescriptions") were the professionals listed therein. A more likely explanation for the failure of this statute to mention other medical professionals is simply that the statute was never amended to reflect the fact that other medical professionals have, since 1929, been granted prescriptive authority. That fact, coupled with the fact that advanced practice nurses have not only been given prescriptive authority since the enactment of A.C.A. § 17-92-102(a), but have also been authorized to receive drugs, indicates persuasively that A.C.A. §17-92-102(a) simply does not address or govern the question of whether advanced practice nurses can give drug samples to patients.
It is my opinion that the various medical practitioners' authority to give drug samples to their patients must arise out of the statutes and regulations governing them specifically. See Op. Att'y Gen. No. 91-327. Accordingly, I conclude that the authority of advanced practice nurses to give their patients pre-packaged prescription drug samples arises out of the statute and regulation granting them authority to receive drugs and pre-packaged drug samples, and out of the interpretation of the relevant statutes by the Board of Nursing.
My conclusion is bolstered by the fact that federal law, which generally prohibits the distribution of drug samples, see 21 U.S.C. § 353(d)(1), specifically exempts from this prohibition practitioners who are licensed under state law to prescribe drugs. 21 U.S.C. § 353(d)(1)(A).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Such prescriptive authority is limited to drugs listed in Schedules III — V.A.C.A. § 17-87-310(b)(2).
[2] It is my understanding that the Board has also interpreted this section not to authorize advanced practice nurses to "dispense" drugs. An interpretation of what constitutes "dispensing" drugs is not necessary to this opinion. What is significant for present purposes is that the Board views "dispensing" as something different from the distribution of pre-packaged drug samples to patients, and that the Board interprets the relevant nursing statute to allow the latter.
[3] The term "dispense" is defined in the "Controlled Substances Act," A.C.A. § 5-64-101 et seq., for purposes of its use in that Act. See
A.C.A. § 5-64-101(g). The Board of Pharmacy has adopted that definition for purposes of its use in the Board's regulations concerning controlled substances. That definition is specific to the dispensing of controlled substances, and does not appear to have application outside the context of controlled substances. For this reason, that definition does not appear to govern the use of the term "dispense" in A.C.A. §17-92-102(a).