The Honorable Alvin Simes State Senator 43 Lambert Circle West Helena, AR 72390
Dear Senator Simes:
You have presented the following questions for my opinion:
 (1) Can a member of the Crittenden County Election Commission serve during a general election if that member's wife is a candidate for office in that county?
(2) If this member cannot serve, how should the vacancy be filled?
RESPONSE
Question 1 — Can a member of the Crittenden County Election Commissionserve during a general election if that member's wife is a candidate foroffice in that county?
It is my opinion that if the required objection is made, an individual may not serve on a county board of election commissioners during a general election in which that individual's spouse is a candidate for office in that county.
The statutory prohibition against relatives of candidates serving as election officials is set forth in A.C.A. § 7-4-109(e), as follows:
 No person may serve as an election official if married to or related within the second degree of consanguinity to any candidate running for office in the current election if objection to his or her service is made to the county board within ten (10) calendar days after the posting or publishing of the list of officials.
A.C.A. § 7-4-109(e).
The term "election official," as used in the above-quoted statute, is defined in A.C.A. § 7-1-101(9), as follows:
 As used in this title, unless the context or chapter otherwise requires:
* * *
 "Election official" or "election officer" means a person who is a member of the county board of election commissioners or a person who is a poll worker, having been designated by a county board of election commissioners to be an election clerk, election judge, or election sheriff[.]
A.C.A. § 7-1-101(9) (emphasis added).
Because the term "election official," for purposes of A.C.A. §7-4-109(e), is defined to include members of the county board of election commissioners, I must conclude that members of the board fall within the prohibition that is stated in A.C.A. § 7-4-109(e), and therefore cannot serve during elections in which their spouses are candidates for offices in their counties (if the required objection is made).
This is the interpretation that has been traditionally applied by the Secretary of State, who is charged with the responsibility of providing advice concerning procedural issues that arise under the election laws. A.C.A. § 7-1-106. The Arkansas Supreme Court has frequently held that the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. Culpepper v. Board ofChiropractic Exam. 343 Ark. 467, 36 S.W.3d 335 (2001); Cyphers v. UnitedParcel Service. 68 Ark. App. 62, 3 S.W.3d 698 (1999); Little RockCleaning Sys. Inc. v. Weiss. 326 Ark. 1007, 935 S.W.2d 268 (1996);Douglass v. Dynamic Enters., Inc. 315 Ark. 575, 869 S.W.2d 14 (1994).
This interpretation is bolstered by its practical application. That is, the prohibition against family members of candidates working in the elections in which their relatives are running is clearly designed to prevent situations that would present a temptation to tamper with election results. The members of the county board of election commissioners are clearly placed in a situation presenting such a temptation, having been charged with the responsibility of ascertaining, declaring, and certifying the election results. A.C.A. § 7-5-701. It is therefore reasonable that the prohibition of A.C.A. § 7-4-109 should apply to board members as well as to the election officials who work at the various polling sites.
For these reasons, I interpret the prohibition of A.C.A. § 7-4-109 to apply to the members of the county board of election commissioners.
As previously indicated, the prohibition applies only if an objection is presented to the county board of election commissioners within ten days of the posting of the list of election officials pursuant to A.C.A. §7-4-107. This limitation on the prohibition appears to indicate that if no objection is presented, family members of candidates may serve as election officials.
You have indicated that your question relates to an uncontested race. It is my opinion that this fact does not affect the conclusions expressed above. The statute setting forth the prohibition states no exception for uncontested races. Moreover, the limitation of the prohibition to instances in which objections have been presented would seem to satisfy situations in which there would be little or no objection to the service of a candidate's family member, such as uncontested races.
To summarize, then, it is my opinion that an individual cannot serve on the county board of election commissioners during a general election in which that individual's spouse is a candidate for office in that county, if an objection is presented to the board within ten days of the posting of the list of election officials. If no timely objection is presented, the individual may serve. These conclusions apply to both contested and uncontested races.
Question 2 — If this member cannot serve, how should the vacancybe filled?
You indicate that your question concerns a third member of the board, appointed by the state board pursuant to A.C.A. § 7-4-102. The filling of vacancies in this third member's position is directly addressed by the provisions of A.C.A. § 7-4-103, as follows:
 (c) In the event of a vacancy or disqualification of any third member of a county board who was duly elected by the state board, the chair of the county committee of the majority party shall immediately notify the Chairman of the State Board of Election Commissioners of the vacancy or disqualification. Upon receipt of the notification, the chairman shall call a meeting of the state board, which shall fill the vacancy from the list of remaining nominees originally submitted by the county committee at any time prior to a general election, except when the county committee did not submit the list of nominees at least sixty (60) calendar days before a general election, the state board shall nominate and elect by majority vote any resident of the county as the third member at any time prior to a general election.
A.C.A. § 7-4-103(c).
Thus, the state board of election commissioners must fill the vacancy from the remaining nominees whose names appeared on the original list from which the disqualified member had been chosen pursuant to A.C.A. §7-4-102. If no such list was duly submitted, the state board must choose any resident of the county as the replacement.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General