The Honorable Jim Bob Duggar State Representative 2101 Johnson Road Springdale, AR 72762-6030
Dear Representative Duggar:
You have presented the following question for my opinion:
 For the purpose of calculating benefits in the event the City of Springdale elects to adopt the Benefit Program 2 of the Local Police and Fire Retirement System, would members be entitled to three per cent of their final average pay from the date of their employment with the City, or would they be entitled to benefits under the Benefit Program 2 only from the date the particular program was adopted?
You indicate that the employees of the City of Springdale Fire Department already participate in the Local Police and Fire Retirement System, and that they are not covered by federal social security benefits. Pursuant to the provisions of A.C.A. § 24-10-602(c), these employees are currently covered under Benefit Program 1 of the Local Police and Fire Retirement System.
RESPONSE
It is my opinion that if the City elects to adopt Benefit Program 2, the retired members will be entitled to receive the benefits authorized under Benefit Program 2 only from the effective date of Benefit Program 2.
The two benefit programs of the Local Police and Fire Retirement System (LOPFI) are outlined in A.C.A. § 24-10-602. Under Benefit Program 1, retired members who are not also covered by social security are entitled to receive 2.2% of their final average pay. Under Benefit Program 2, retired members who are not also covered by social security are entitled to receive 3.3% of their final average pay.
The provisions of A.C.A. § 24-10-602 explicitly address the question you have raised. The pertinent provision is A.C.A. § 24-10-602(b), which states:
 (b) If each portion of a member's credited service is not covered by the same benefit program, then his or her total annuity for life shall be the total of the annuity for life determined under each applicable benefit program.
A.C.A. § 24-10-602(b).
The above-quoted section of the statute is readily interpreted to mean that for the years of service rendered under each benefit program, that program's authorized benefits will apply. This is also the interpretation given to this section by LOPFI. This fact is significant, because the Arkansas Supreme Court has consistently held that the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. Cyphers v. United Parcel Service,68 Ark. App. 62, 3 S.W.3d 698 (1999); Little Rock Cleaning Sys. Inc. v.Weiss, 326 Ark. 1007, 935 S.W.2d 268 (1996); Douglass v. DynamicEnters., Inc., 315 Ark. 575, 869 S.W.2d 14 (1994). In my opinion, LOPFI's interpretation of A.C.A. § 24-10-602(b) is sound.
Moreover, this interpretation is supported by principles of actuarial soundness. In order to remain actuarially sound, a retirement system must base its payment of benefits for a particular period of service on the amount of contributions made for that period of service. (This fact is reflected in an unrelated provision that requires employees in positions covered by federal social security to pay into the system in order to have periods of service prior to the adoption of Benefit Program 2 treated as though they had been rendered under Benefit Program 2. See
A.C.A. § 24-10-602(a)(2)(D)).
Under the provisions of A.C.A. § 24-10-602, if a political subdivision does elect to change its benefit program, the effective date of the newly adopted benefit program is expressly designated as "the first day of the calendar month specified by the governing body, the first day of the calendar month next following receipt by the board of the certification of election of benefit program, or the effective date of the political subdivision's becoming an employer, whichever is the latest date." The statute goes on to state:
 (e) Should an employer change its election of benefit program as provided in this section, the employer contributions shall be correspondingly changed effective the same date as the benefit program change.
A.C.A. § 24-10-602(e).
Because the employer's contributions prior to the adoption of Benefit Program 2 are not designed to support payment of benefits at the level required by Program 2, principles of actuarial soundness dictate that if the City adopts Benefit Program 2, retirees must receive benefits at the Program 2 level only from the effective date of Program 2, i.e., the date when the employer contributions will support payment of benefits at that level.
On the basis of the above reasoning and the express provision of the applicable statute, I must conclude that if the City elects to adopt Benefit Program 2, the retired members will be entitled to receive the benefits authorized under Benefit Program 2 only from the effective date of Benefit Program 2.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General