The Honorable James Brown, Chairman Arkansas Heating, Ventilation, Air Conditioning, and Refrigeration Licensing Board 4815 West Markham Street Little Rock, AR 72205
Dear Chairman Brown
I am writing in response to your request for an opinion on the following matter:
 The Arkansas Heating, Ventilation, Air Conditioning and Refrigeration (HVAC/R) Licensing Board is requesting your opinion regarding its regulatory jurisdiction over the exhaust venting of clothes dryers.
 Paragraph 1 (a) of Arkansas Code 17-33-102 clearly exempts household appliances from being regulated by the HVAC/R Board. The Board assumes that clothes dryers would be considered a household appliance. However, the board has adopted a mechanical code by regulation. Section 504.6 governs the minimum standards for dryer venting.
 The question is, "if the Board does not have the authority to regulate the dryer, does the Board have the authority to regulate the dryer vent?"
RESPONSE
In my opinion, while a court would likely uphold the administrative interpretation of the Department of Health that the exemption for household appliances would include the ventilation ducts to domestic clothes-dryers, legislative clarification would best resolve this ambiguity.
Attached to your request for an opinion is a memorandum opinion issued by the Department of Health regarding this question. The Department of Health opinion describes the underlying situation as follows:
 The issue of dryer ventilation has become somewhat controversial since the latest rule change enacted by the [Arkansas Heating, Ventilation, Air Conditioning and Refrigeration Board]. The Board's latest rule is based on the 2003 International Mechanical Code ("Code"). The Code made a significant change in the proper material suitable for a dryer vent. It is now mandated that all dryer vents be constructed of metal. Several builders found this change to be unpalatable, particularly in installations under a concrete slab. Builders in Arkansas have traditionally placed PVC piping under slabs. This is due to concerns that metal ducts will deteriorate due to rusting. And, replacement of the metal ducting would be extremely costly, difficult and inconvenient.
You present a question of statutory and regulatory interpretation. Heating, ventilation, air conditioning, and refrigeration workers are regulated under the authority of Chapter 33 of Title 17 of the Arkansas Code. Arkansas Code Annotated § 17-33-102 states in the pertinent part:
(a) This chapter shall not apply to:
(1) Household appliances[.]
A.C.A. § 17-33-102(a)(1) (Supp. 2003). As noted in your request for an opinion, the HCAV/R Board recognizes that it does not have regulatory jurisdiction over domestic clothes-dryers. The HVAC/R Board has adopted the Arkansas Mechanical Code, pursuant to A.C.A. § 17-33-202(2) (Repl. 2001), however, which defines the following pertinent terms:
 APPLIANCE. A device or apparatus that is manufactured and designed to utilize energy and for which this code provides specific requirements.
* * *
 DUCT. A tube or conduit utilized for conveying air. The air passages of self-contained systems are not to be construed as air ducts.
Ark. Mech. Code § 202 (2003).
The applicable regulations concerning dryer ducts in the Arkansas Mechanical Code state:
 504.6 Domestic clothes dryer ducts. Exhaust ducts for domestic clothes dryers shall be constructed of metal and shall have a smooth interior finish. The exhaust duct shall be a minimum nominal size of 4 inches (102 mm) in diameter. The entire exhaust system shall be supported and secured in place. The tail end of the duct at overlapped duct joints shall extend in the direction of airflow. Clothes dryer transition ducts used to connect the appliance to the exhaust duct system shall be limited to single lengths not to exceed 8 feet (2438 mm) and shall be listed and labeled for the application. Transition ducts shall not be concealed within construction.
 504.6.1 Maximum length. The maximum length of a clothes dryer exhaust duct shall not exceed 25 ft (7620 mm) from the dryer location to the outlet terminal. The maximum length of duct shall be reduced 2 feet for each 45-degree (0.79 rad) bend and 5 feet (1524 mm) for each 90-degree (1.6 rad) bend. The maximum length of the exhaust duct does not include the transition duct.
 Exception: Where the make and model of the clothes dryer to be installed is known and the manufacturer's installation instructions for such dryer are provided to the code official, the maximum length of the exhaust duct, including any transition duct, shall be permitted to be in accordance with the dryer manufacturer's installation instructions.
 504.6.2 Rough-in required. Where a compartment or space for a domestic clothes dryer is provided, an exhaust duct system shall be installed in accordance with Sections 504.6 and 504.6.1.
Ark. Mech. Code § 504.6 (2003).
The cardinal rule of statutory construction is to give effect to the intent of the legislature. Shipley, Inc. v. Long, ___ Ark. ___, S.W.3d ___ (Oct. 21, 2004). A court will first look at the plain and ordinary language of the statute in question. Jones v. Double "D" Properties,352 Ark. 39, 46, 98 S.W.3d 405 (2003). Additionally, the Arkansas Supreme Court has consistently held that the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. Cyphers v. United Parcel Service, 68 Ark. App. 62,3 S.W.3d 698 (1999).
As you note in your request for an opinion, the HVAC/R Board assumes that clothes-dryers will be considered household appliances. I will continue with this assumption in mind. The question, then, is whether the term "household appliances" applies to the exhaust ductwork attached to a domestic clothes-dryer. If so, the exhaust is exempt from regulation by the HVAC/R Board. As discussed above, the Arkansas Mechanical Code, as adopted by the HVAC/R Licensing Board pursuant to A.C.A. § 17-33-202(2), contains regulations that specifically address the standards for the exhaust vents of domestic clothes-dryers. Ark. Mech. Code § 504.6. This is separate from the provision regulating commercial clothes-dryers. See
Ark. Mech. Code § 504.7. This portion of the Arkansas Mechanical Code, adopted by the HVAC/R Board, affirmatively subjects domestic clothes dryer vents and ductwork to regulation by the Board. Of course, an administrative regulation cannot be contrary to a statute or more specifically to a statutory exemption from a regulatory scheme. Pledgerv. C.B. Form Co., 316 Ark. 22, 871 S.W.2d 333 (1994).
The Arkansas Department of Health has opined that the regulatory jurisdiction of the HVAC/R Board does not extend to include the ventilation ducts of domestic clothes dryers. The HVAC/R Board assists and advises the Department of Health on matters concerning licensing the maintenance of heating, ventilation, air conditioning, and refrigeration work. A.C.A. § 17-33-202(3). Furthermore, the General Assembly appropriates funds to the Department of Health to be disbursed to the HVAC/R Board. See, e.g. Act. 33 of 2003 (1st Extraordinary Session), § 11. The Arkansas Department of Health is the agency properly administering the HVAC/R Licensing statutes, with the advice and assistance of the HVAC/R Board as required by A.C.A. § 17-33-202. The interpretation of the Department of Health should be given great deference and should not be overturned unless clearly wrong. Cyphers,supra.
I cannot say that the Department of Health's determination is clearly wrong. The Department of Health's opinion relies on the Arkansas Supreme Court's recent statement that the penal portion of licensing statutes will be interpreted in favor of the exemptions or the person against whom the statute is being applied. Meadow Lake Farms, Inc. v. Cooper,
___ Ark. ___, S.W.3d ___ (Ark.Sup.Ct. 04-367, Dec. 16, 2004). Meadow Lake had leveled an agricultural field for Cooper. Id. Cooper had refused to pay arguing that the leveling of the field required a contractor properly licensed by the State. Id. The court held that grading activities undertaken by Meadow Lake were properly exempted from being considered construction activity under the Arkansas Contractor Licensing statutes.Id. The court, relying on the earlier case of Wilcox v. Safely,298 Ark. 159, 766 S.W.2d 12 (1989), held that where the language of such provisions is not clear and positive or if it is reasonably open to different interpretations, every doubt as to construction must be resolved in favor of the one against whom the enactment is sought to be applied. Id. at 161. The court held that because the language of the statute was open to different interpretations, the regulatory provision could not be applied against Meadow Lake Farms.
Similarly in my opinion the exemption for "household appliance" in A.C.A. § 17-33-102(a)(1) is open to more than one interpretation when applied to the ductwork and vents of a domestic clothes dryer. I have not found any precedent in this state or in any other state construing whether such ductwork and exhaust venting is part and parcel of the "household appliance." In my opinion reasonable minds could differ as to whether this term includes the ductwork and vent. The Department of Health takes the position that it does. Under the high level of deference given by a court to the interpretation of an administrative agency,Cyphers, supra, I cannot say that this is a clearly wrong interpretation.
Additionally I note that Senate Bill 956 of 2005 is currently pending in the Arkansas General Assembly. This bill would create a new exemption to the HVAC/R Board jurisdiction by exempting "Exhaust ducts for domestic clothes dryers in residences." SB 956 of 2005. As it is currently written, SB956 has not passed the House of Representatives and lacks an emergency clause. If the bill passes the House and is signed into law by the Governor without an emergency clause, it will not be effective until 90 days after the General Assembly adjourns sine die. At that point, the duct work of a domestic clothes-dryer would be statutorily exempt from the provisions of the Arkansas Mechanical Code and regulatory oversight by the HVAC/R Board.
The existence of SB956 of 2005 demonstrates the lack of clarity surrounding this issue. While it is my opinion that the interpretation of the Arkansas Department of Health including ventilation ducts as part of the domestic clothes-dryer household appliance is not clearly erroneous and would likely be upheld by a court, the ambiguity surrounding this issue is best resolved through legislative clarification.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JMD:cyh