CROSSETT SCHOOL DISTRICT *v.* Virginia Ann FULTON

CA 98-655                                        984 S.W.2d 833

Court of Appeals of Arkansas
Division I
Opinion delivered January 27, 1999

*Bridges, Young, Matthews & Drake, PLC,*by: *Michael J. Dennis,* for appellant.

*Billy J. Hubbell,* for appellee.

TERRY CRABTREE, Judge. Appellant Crossett School District appeals the decision of the Workers' Compensation Commission affirming the administrative law judge's decision allowing benefits for appellee Virginia Fulton for an injury she received while at work. The Commission found that appellee was engaged in a primary duty of her employment when she fell in the parking lot while retrieving her reading glasses. Appellant asserts that retrieving her glasses was not an employment service according to Ark. Code Ann. § 11-9-102(5)(B)(iii) (Repl. 1996) and that benefits should be denied. We affirm.

Virginia Fulton is a certified teacher who worked for the Crossett School District and is employed as a Reading Media Resource Teacher. Her duties required her to work on three different elementary campuses under the supervision of the librarian. She arrived at work on January 6, 1996, parked in the designated parking lot, and entered the building where she then began her duties supervising children before school. Shortly before the bell

rang to begin the school day, she went to the library where she was assigned, and was given her duties for the day by the librarian, who instructed her to make some puppets for use as an instructional aid. The instructions for this project were printed in very fine print. When appellee found that she did not have her glasses with her, she requested permission from her supervisor to call her husband to bring her glasses to her. Her supervisor gave her permission. Upon calling her husband, she learned that her glasses were in her automobile and left the building to obtain her glasses. On her way back to the building, she slipped on ice and fell, breaking her leg. The administrative law judge and the Workers' Compensation Commission found that she was "performing employment services" when walking from her car to the building after retrieving her glasses.

This court reviews decisions of the Workers' Compensation Commission to see if they are supported by substantial evidence. *Deffenbaugh Indus. v. Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether this Court might have reached a different result from that reached by the Commission, or whether the evidence would have supported a contrary finding. *Malone v. Texarkana Pub. Schs.*, 333 Ark. 343, 969 S.W.2d 644 (1998). If reasonable minds could reach the result shown by the Commission's decision, we must affirm the decision. *Bradley v. Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995).

Arkansas Code Annotated section 11-9-102(5)(B)(iii) states that a compensable injury does not include an "injury which was inflicted upon the employee at a time when employment services were not being performed. . . ." The question before this court is whether retrieving reading glasses required to complete a duty of employment is an employment service.

The appellant relies on *Hightower v. Newark Public School System*, 54 Ark. App. 159, 943 S.W.2d 608 (1997), in which a day-care worker slipped in the parking lot on her way to report to

work. That case is distinguishable in that the claimant in *Hightower* was injured before she began her employment services that day. In this case, the appellee had reported to work, had supervised children before the bell rang beginning school, was given an assignment after reporting to the librarian, and injured herself in efforts taken to complete the assignment. Those facts constitute substantial evidence that appellee was performing employment services at the time of her injury.

Affirmed.

ROGERS and ROAF, JJ., agree.