Christopher CLARK (Deceased) *v.* SBARRO, INC.

CA 99-383                                               1 S.W.3d 38

Court of Appeals of Arkansas
Division II
Opinion delivered October 6, 1999
[Petition for rehearing denied December 22, 1999.*]

---

* PITTMAN, J., would grant. *See* dissent in Vol. 68, *Arkansas Appellate Reports*.

*Rice, Adams, Beckham & Pulliam,* by: *Ben E. Rice,* for appellant.

*Roberts Law Firm, P.A.,* by: *Mike Roberts,* for appellees.

ANDREE LAYTON ROAF, Judge. Christopher Clark died in an automobile accident while returning from a business trip in Missouri, and Clark's surviving family members (the Clark heirs) filed a claim for workers' compensation death benefits. The Commission denied benefits based upon a finding that the claim was barred because the accident was substantially occasioned by Clark's use of alcohol. The Clark heirs raise two issues on appeal: 1) the Commission erred in concluding that Clark was not performing employment services at the time of the accident;

and 2) substantial evidence does not support the Commission's finding that the accident was substantially occasioned by Clark's use of alcohol. We agree that there is not substantial evidence to support the finding that the accident was substantially occasioned by Clark's use of alcohol and reverse and remand.

On November 20, 1996, Clark was returning home from a required business meeting in St. Louis, Missouri. He drove his own vehicle. Around 8:30 p.m., another vehicle crossed the center line and struck his vehicle head-on near Corning, Arkansas. Clark died as a result of his injuries; the other driver sustained serious injuries, but survived. Blood-alcohol tests revealed that Clark's blood-alcohol content (BAC) was .21%, and the other driver's BAC was .28%.

■ ■ When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's decision and affirm if the decision is supported by substantial evidence. *High Capacity Prods. v. Moore*, 61 Ark. App. 1, 962 S.W.2d 831 (1998). We reverse a decision of the Commission only if convinced that fair-minded persons using the same facts could not reach the conclusion reached by the Commission. *Id.* As a general rule, this court recognizes that administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than are courts to determine and analyze legal issues affecting their agencies. While not conclusive, the interpretation of a statute by an administrative agency is highly persuasive. *Olsten Kimberly Quality Care v. Pettey*, 55 Ark. App. 343, 934 S.W.2d 956 (1997) (*aff'd* 328 Ark. 381, 944 S.W.2d 381 (1998)).

In pertinent part, Ark. Code Ann. § 11-9-102(5)(B)(iv) (Supp. 1997) provides:

> (B) "Compensable injury" does not include:
>
> . . . .
>
>> (iv)(a) Injury where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(b) The presence of alcohol, illegal drugs, or pre-scription drugs used in contravention of a physi-cian's orders shall create a rebuttable presumption that the injury or accident was substantially occa-sioned by the use of alcohol, illegal drugs, or pre-scription drugs used in contravention of a physician's orders.

. . . .

(d) An employee shall not be entitled to compen-sation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescrip-tion drugs utilized in contravention of the physi-cian's orders did not substantially occasion the injury or accident.

■ For the first point on appeal, the Clark heirs argue that the Commission erred in finding that Clark was not performing employment services at the time of the accident. However, although Sbarro raised this contention in the proceedings below, neither the opinion issued by the ALJ nor by the Commission addresses this issue. Rather, benefits were denied solely upon a finding that Clark's accident was substantially occasioned by his use of alcohol. Because the Commission made no finding on this issue, we do not address this argument on appeal.

The Clark heirs next contend that the Commission erred in finding that the accident was substantially occasioned by the use of alcohol. They argue that the rebuttable presumption that the accident was substantially occasioned by Clark's use of alcohol was overcome by the evidence.

Our supreme court has discussed the statutory presumption concerning whether an accident was substantially occasioned by the use of alcohol. In *ERC Contractor Yard & Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998), the supreme court held that a man who sustained injuries from a fall successfully rebutted the presumption that his fall was due to the presence of alcohol. In *ERC,* the claimant's BAC test indicated a presence of 0.01% blood alcohol, or one-tenth the legal limit, and medical evidence indi-cated that he suffered a seizure related to alcohol withdrawal. The supreme court concluded that the mere presence of 0.01% BAC

was sufficient to trigger the statutory presumption; however, the court affirmed the Commission's finding that the claimant sufficiently rebutted the presumption. Of significance to this appeal, in construing the meaning of the phrase "substantially occasioned," the court stated:

> First, we turn to the plain and ordinary meaning of the words themselves. The word "occasion" when used as a verb is defined in *Black's Law Dictionary* as "to produce; to cause incidentally or indirectly; to bring about or be the means of bringing about." *Black's, supra,* at 1078. Thus, the word "occasion" is broad in scope and, standing alone, encompasses causation that may be indirect in origin. However, the word "occasioned" is modified by the adverb "substantially," which is defined as "actually and essentially." *Black's,* supra at 1428-29. *When the words "substantially occasioned" are used together, the causal connection becomes more immediate and direct.* Finally, the statute provides that the injury must be caused "by the use of alcohol," not by abstinence from the use of alcohol. We, therefore, conclude that the plain and ordinary meaning of the phrase "substantially occasioned by the use of alcohol" requires that there be a direct causal link between the use of alcohol and the injury in order for the injury to be noncompensable. To conclude otherwise would involve the addition of words that do not appear in the text of Ark. Code Ann. § 11-9-102(5)(B)(iv).

*ERC Contractor Yard & Sales v. Robertson,* 335 Ark. at 70 (emphasis supplied).

In the instant case, both drivers had a BAC of more than twice the legal limit at the time of the accident. The accident occurred on a straight stretch of highway, and it was raining and the roadway was wet. However, the investigation clearly indicated that the other driver came completely over into Clark's lane and struck Clark's vehicle head-on. The investigating officer also concluded from a time-stamped receipt found in Clark's vehicle that Clark had been speeding during his journey, because he had driven a distance that would ordinarily take three hours and fifteen minutes at the speed limit in a period of about two hours and forty-six minutes. The Commission found that crossing of the center line by the other driver did not rebut the statutory presumption that Clark's use of alcohol substantially occasioned the

accident. The Commission considered the results of Clark's BAC test, the evidence that Clark had been speeding, and concluded that Clark's motor skills and judgment would have been significantly impaired.

The question of whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *ERC Contractor Yard & Sales v. Robertson, supra* (citing *Clark v. State,* 253 Ark. 454, 486 S.W.2d 677 (1972)); *Continental Express v. Harris,* 61 Ark. App. 198, 965 S.W.2d 811 (1998). Our standard of review requires that we affirm if substantial evidence supports the findings of the Commission. Viewing the evidence in the light most favorable to the Commission, we cannot say that substantial evidence supports the Commission's finding in this instance. There was no evidence that Clark was speeding at the time of the accident, and no evidence from which the Commission could have concluded, without resorting to speculation, that he could have avoided the accident. However, the evidence did show that the "immediate and direct" cause of the accident was instead the other driver's crossing onto Clark's side of the road. Given the supreme court's definition of the words "substantially occasioned," we cannot say that fair-minded persons using the facts presented in this case could reach the conclusion reached by the Commission. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

MEADS and ROGERS, JJ., agree.