58 S.W.3d 853 (2001)
WAL-MART STORES, INC., and Claims Management, Inc.
v.
Judy STOTTS.
No. CA 00-1468.
Court of Appeals of Arkansas, Division III.
October 10, 2001.
*854 Mike Roberts and J.R. Wildman, Little Rock, for Appellant.
John Bartlett, for Appellee.
TERRY CRABTREE, Judge.
The appellants, Wal-Mart Stores, Inc. ("Wal-Mart"), and Claims Management, Inc., appeal from an order of the Arkansas Workers' Compensation Commission in which the Commission affirmed an Administrative Law Judge's (ALJ) finding that appellee, Judy Stotts, sustained a compensable injury. Appellee is employed in the accounting department of appellant, Wal-Mart. On September 10, 1999, while going to the back of the store to get supplies, appellee slipped on some water on the floor in front of the shoe department and fell on her face and left leg. Appellee sustained a busted lip and a visible bruise on her leg. Immediately after the fall, claimant began limping. Appellee continued working and did not seek medical treatment until October 6, 1999. Appellee *855 has continued to work at all times. Appellee was examined by Dr. David Thrash, a chiropractor, who examined and x-rayed appellee. Appellee learned from Dr. Thrash that her problems were due to a back injury. One of Dr. Thrash's findings was that appellee suffered a lumbar subluxation. Appellee notified management that she required medical treatment. Appellee was then sent to Dr. James Meredith, at the request of Wal-Mart. Dr. Meredith diagnosed an acute lumbar strain and prescribed medications. Appellee then requested a change of physician. Appellants then controverted the claim in its entirety.
The ALJ found that on September 10, 1999, appellee sustained a compensable injury established by medical evidence supported by objective findings, that appellee's medical treatment was causally related to her September 10, 1999, injury, that the change of physician provisions do not apply, and that there were no violations of appellant's due process rights with respect to the Medical Cost Containment Division's order of a change of physician prior to a determination of compensability. The Commission affirmed the ALJ's findings. Appellant appeals, arguing that there was not sufficient evidence to support the Commission's decision. We affirm.
When reviewing a decision of the Arkansas Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. Clark v. Peabody Testing Serv., 265 Ark. 489, 579 S.W.2d 360 (1979). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. Crossett Sch. Dist. v. Fulton, 65 Ark. App. 63, 984 S.W.2d 833 (1999). The issue is not whether this Court might have reached a different result from the Commission. Malone v. Texarkana Pub.Schs., 333 Ark. 343, 969 S.W.2d 644 (1998). If reasonable minds could reach the result found by the Commission, we must affirm the decision. Bradley v. Alumax, 50 Ark. App. 13, 899 S.W.2d 850 (1995). In making our review, we recognize that it is the function of the Commission to determine credibility of witnesses and the weight to be given their testimony. Stephens Truck Lines v. Millican, 58 Ark.App. 275, 950 S.W.2d 472 (1997).
Appellants argue that the Commission erred in finding appellee sustained a compensable injury as appellee failed to present medical evidence supported by objective findings. "A compensable injury must be established by medical evidence supported by `objective findings.'" Ark. Code Ann. § 11-9-102(4)(D) (Supp.1999). "Objective findings are those findings which cannot come under the voluntary control of the patient." Ark.Code Ann. § 11-9-102(16)(A)(i) (Supp.1999). Objective medical evidence is necessary to establish the existence and extent of an injury but not essential to establish the casual relationship between the injury and workrelated accident. Wal-Mart Stores, Inc. v. VanWagner, 337 Ark. 443, 990 S.W.2d 522 (1999).
In the present case, Dr. Thrash reported that appellee was "x-rayed and examined," and he diagnosed her with lumbar subluxation. A subluxation is a "partial dislocation." WEBSTER'S COLLEGIATE DICTIONARY 1175 (9th ed.1991). Obviously, a dislocation cannot come under the voluntary control of a patient. Although not specifically stated in his report, it is implicitly clear that Dr. Thrash based his diagnosis on abnormalities observed in the x-ray results. Results of x-ray diagnostic studies are "objective findings" for purposes *856 of the Workers' Compensation Act. Smith v. County Market/Southeast Foods, 73 Ark.App. 333, 44 S.W.3d 737 (2001). We, therefore, hold that there was substantial evidence to support the Commission's finding that appellee presented medical evidence supported by objective findings.
Next, appellants argue that the Commission erred in finding appellee's alleged injury was causally related to her work-related incident. A "compensable injury" is one "arising out of and in the course of employment...." Ark.Code Ann. § 11-9-102(4)(A)(i). Thus, in order to prove a compensable injury appellee must prove, among other things, a causal relationship between the injury and the employment. McMillan v. U.S. Motors, 59 Ark.App. 85, 953 S.W.2d 907 (1997). It is not essential that the causal relationship between the accident and the disability be established by medical evidence. Crain Burton Ford Co. v. Rogers, 12 Ark.App. 246, 674 S.W.2d 944 (1984). There will be circumstances where medical evidence will be necessary to establish that a particular injury resulted from a work-related incident but not in every case. Wal-Mart Stores, Inc. v. VanWagner, supra. "On the case as a whole, `if the claimant's disability arises soon after the accident and is logically attributable to it, with nothing to suggest any other explanation for the employee's condition, we may say without hesitation that there is no substantial evidence to sustain the commission's refusal to make an award.'" Min-Ark Pallet Co. v. Lindsey, 58 Ark.App. 309, 950 S.W.2d 468 (1997) (quoting Hall v. Pittman Constr. Co., 235 Ark. 104, 357 S.W.2d 263 (1962)). The ALJ found that "the claimant's credible testimony, together with the observations of supervisory personnel that claimant began limping immediately after the September 10, 1999, slip and fall, together with the medical opinion on record clearly establishes the causal connection." We agree, and hold that there was substantial evidence to support the Commission's finding that appellee's need for medical treatment beginning October 7, 1999, was directly and causally related to the September 10, 1999, admitted incident.
Finally, appellants argue that the Medical Cost Containment Division's decision to grant a change of physician exceeded its authority and violated their constitutional rights. Appellants assert that after they controverted appellee's claim, the Medical Cost Containment Division granted appellee a change of physician without a hearing, and such a decision violated their constitutional right to due process. The Commission affirmed the ALJ's finding that there had been no violation of appellants' constitutional rights. Clearly, after a hearing on compensability was held, appellants would not have been responsible for Dr. Thrash's medical treatment if it was determined that appellee's injury was not compensable. Thus, we hold that appellants' constitutional rights were not violated. Appellants further assert that only ALJs or referees can order an award of a change of physician, and thus the Medical Cost Containment Division was without authority to order such an award. We hold that this argument is without merit as appellants initially accepted appellee's claim as compensable, and even helped appellee fill out a change-of-physician form. Thus, appellants acquiesced to the change. Further, Ark.Code Ann. § 11-9-514(a)(2)(B) (Supp.1999), provides that if a claimant desires a change of physician to a chiropractic physician the claimant may make the change by giving advance written notification to the employer. In this case, appellee gave appellants advance written notice of her desire to change to
*857 Dr. Thrash. Therefore, the Commission committed no error.
Affirmed.
STROUD, C.J., ROBBINS, JENNINGS, and GRIFFEN, JJ., agree.
PITTMAN, J., dissents.
JOHN MAUZY PITTMAN, Judge, dissenting.
The appellant has petitioned for rehearing in this case, arguing that we erred in holding that the mere diagnosis of an injury satisfied the claimant's burden of establishing a compensable injury by objective findings. I think that the petition should be granted.
In our original opinion in this case we stated that:
Appellants argue that the Commission erred in finding that appellee sustained a compensable injury as appellee failed to present medical evidence supported by objective findings. "A compensable injury must be established by medical evidence supported by `objective findings.'" Ark.Code Ann. § 11-9-102(4)(D) (Supp.1999). "Objective findings are those findings which cannot come under the voluntary control of the patient." Ark.Code Ann. § 11-9-102(16)(A)(i) (Supp.1999). Objective medical evidence is necessary to establish the existence and extent of an injury but not essential to establish the causal relationship between the injury and work-related accident. Wal-Mart Stores, Inc. v. VanWagner, 337 Ark. 443, 990 S.W.2d 522 (1999). In the present case, Dr. Thrash diagnosed appellee with "lumbalgia, radiculitis, lumbar subluxation." Dr. Thrash's report contained no qualifying words, such as, maybe, or possibly, regarding appellee's injury. Dr. Thrash simply found that appellee had suffered the injuries. We hold that Dr. Thrash's report constitutes substantial evidence supporting the Commission's finding that appellee sustained a compensable injury.
Wal-Mart Stores, Inc. v. Stotts, 74 Ark. App. 428, 431, 49 S.W.3d 667, 669 (2001) (emphasis supplied).
This opinion could not stand. The appellants posed one question (whether the medical evidence was supported by objective findings), and our opinion answered a different question (whether Dr. Thrash's opinion was stated to a reasonable degree of medical certainty). Clearly, a medical opinion in the form of a diagnosis is not itself an objective finding.[1]
Our substituted opinion on denial of rehearing is a modest improvement in that the majority now answers the question that appellants actually posed. With respect to whether the Commission's finding of a compensable injury was based on medical evidence supported by objective findings, the majority now writes that:
Dr. Thrash reported that appellee was "x-rayed and examined," and he diagnosed her with lumbar subluxation. A subluxation is a "partial dislocation." Obviously, a dislocation cannot come under the voluntary control of the patient. Although not specifically stated in his report, it is implicitly clear that Dr. Thrash based his diagnosis on abnormalities observed in the x-ray results. Results of x-ray diagnostic studies are "objective findings" for purposes of the Workers' Compensation Act. We *858 therefore hold that there was substantial evidence to support the Commission's findings that appellee presented medical evidence supported by objective findings.
There is a lot going on in this paragraph, and it will be helpful to break it down into its component parts for analysis. First, the facts:
1) Appellee was x-rayed and examined by Dr. Thrash.
2) Dr. Thrash diagnosed appellee with lumbar subluxation.
3) Dr. Thrash did not say what the x-ray results were.
4) Dr. Thrash did not say that his diagnosis was based on the x-ray results.
Next, the analysis:
1) Dr. Thrash took an x-ray before making his diagnosis. Therefore, his diagnosis was based on the x-ray results.
2) X-ray results are objective findings. Therefore, the Commission properly found that appellee presented medical evidence supported by objective findings.
Although I think that the majority's substituted opinion is an improvement over the original opinion issued in this case, I must nevertheless dissent because the substituted opinion's conclusion is based on flawed logic. The crux of the majority's analysis is the conclusion that Dr. Thrash's diagnosis was based on the x-ray results. This conclusion is based solely on the fact that Dr. Thrash took x-rays before making his diagnosis. This conclusion confuses chronology with causality. It is, in fact, a classic example of the logical fallacy post hoc, ergo propter hoc (after this, therefore because of this), a leap to an unjustified conclusion based on the assumption that, because one thing preceded another, the former caused the latter. We have characterized this fallacy as a "legal heresy," and held that post hoc ergo propter hoc is not sound as evidence or argument. Wirth v. Reynolds Metal Co., 58 Ark.App. 161, 947 S.W.2d 401 (1997).
Because the result obtained in the substituted opinion is based on nothing more than speculation that the x-ray test conducted by Dr. Thrash resulted in objective findings that were relied upon by that chiropractic physician in making his diagnosis, I must respectfully dissent.
NOTES
[1] The only other "objective findings" which the Commission mentioned were an injured lip and a bruised leg. Although those observations are objective findings of an injured lip and bruised leg, they are not objective findings to support the existence or extent of the back injury at issue in this case.