DEATH and PERMANENT TOTAL DISABILITY
TRUST FUND *v.* James E. BREWER, *Employee*;
Woodruff Electric Cooperative, *Employer*;
Federated Rural Insurance Company, *Carrier*

CA 01-746                                           65 S.W.3d 463

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered January 23, 2002

*David L. Pake*, for appellant.

*Guy Brinkley*, for appellee.

TERRY CRABTREE, Judge. The appellant, Death and Permanent Total Disability Trust Fund, appeals from the Arkansas Workers' Compensation Commission's opinions directing it to withhold the claimant's attorney fee and pay it by separate check to the claimant's attorney. We find no error, and affirm.

On August 27, 1990, the appellee, Mr. James Brewer, sustained a work-related injury. Mr. Brewer's healing period ended in May 1992. Mr. Brewer's employer, Woodruff Electric Cooperatiave, also an appellee in this case, initially controverted the extent of permanent disability, but later stipulated to the extent of permanent disability at a pre-hearing conference. On August 19, 1996, an Administrative Law Judge (ALJ) ordered that "[t]he claimant's portion of the controverted attorney's fee is to be withheld from, and paid out of, indemnity benefits and remitted, by the respondents, directly to the claimant's attorney." Woodruff Electric and the other appellee in this case, Federated Rural Electric Insurance Company, paid appropriate indemnity benefits but did not pay the appropriate attorney's fees as ordered. The Commission found that pursuant to Ark. Code Ann. § 11-9-502(b) (Repl. 1996), the employer/insurance carrier met its liability for indemnity benefits on October 2, 1998. Appellant advised Mr. Brewer, the employer, and the insurance company that it would assume liability for payment of benefits effective October 2, 1998. It was unclear whether appellant advised Mr. Brewer's attorney of its date of the acceptance of the claim. On April 12, 1999, Mr. Brewer's attorney filed a petition for attorney's fees, seeking the back fees ordered to be withheld by the employer pursuant to the August 19, 1996 order. On September 7, 1999, the ALJ ordered appellant to withhold from all future indemnity benefits paid to claimant, and issue by separate check, the claimant's portion of the attorney's fees to claimant's attorney. Appellant

appealed this order, and the Commission on two occasions remanded the case to the ALJ on procedural issues.

On November 7, 2000, the ALJ issued an opinion and order, ordering the appellant to withhold claimant's one-half attorney's fees from all future indemnity benefits and issue the withheld monies by separate check to claimant's attorney. The ALJ ordered this procedure pursuant to Arkansas Workers' Compensation Commission Rule 10. Appellant appealed this ruling, and the Commission, by order dated April 4, 2001, affirmed the ALJ's findings. On May 24, 2001, upon motions for reconsideration, the Commission filed an opinion directing appellant to pay a lump sum attorney's fee to claimant's attorney equal to five percent for controversion accrued from October 2, 1998, through the date of final order, ending the attorney-fee litigation in this case. The Commission also directed appellant to withhold from the benefits payable to the claimant an amount equal to six and one-half percent of the claimant's weekly benefits (five percent to claimant's attorney and one and one-half percent for the appellant to recoup its lump sum payment). Once the lump sum fee is recouped, the appellant is then to reduce benefits to a five percent withholding. The appellant has brought a timely appeal before this court.

■ When reviewing a Commission decision, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Crossett Sch. Dist. v. Fulton*, 65 Ark. App. 63, 984 S.W.2d 833 (1999). The issue is not whether this court might have reached a different result from the Commission. *Malone v. Texarkana Pub. Schs.*, 333 Ark. 343, 969 S.W.2d 644 (1998). If reasonable minds could reach the result found by the Commission, we must affirm the decision. *Bradley v. Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995).

The issue in the present case, as correctly pointed out by the Commission, is how, and by whom, checks are to be paid to claimant's attorney for the claimant's one-half of the fee due to his attorney. Arkansas Code Annotated § 11-9-715(a)(2)(B)(i) (Supp. 2001) states:

> In all other cases, whenever the commission finds that a claim has been controverted, in whole or in part, the commission shall direct

that fees for legal services be paid to the attorney for the claimant as follows: One-half ($^1/_2$) by the employer or carrier in addition to compensation awarded; and one-half ($^1/_2$) by the injured employee or dependents of a deceased employee out of compensation payable to them.

■■■ The Commission relied on its Rule 10, along with the attorney lien statute found at Ark. Code Ann. § 16-22-304 (Repl. 1999), for its decision that it has the power to direct the manner in which the proceeds of an award are to be disbursed in order to protect the ability of the claimant's attorney to receive his fee. When reviewing the Commission's interpretation and application of its rules, we give the Commission's interpretation great weight; however, if an administrative agency's interpretation of its own rules is irreconcilably contrary to the plain meaning of the regulation itself, it may be rejected by the courts. *Cyphers v. United Parcel Serv.*, 68 Ark. App. 62, 3 S.W.3d 698 (1999). While not conclusive, the interpretation of a statute by an administrative agency is highly persuasive. *Clark v. Sbarro*, 67 Ark. App. 372 (1999). An administrative agency's interpretation of a statute or its own rules will not be overturned unless it is clearly wrong. *Cyphers, supra.*

■ Arkansas Code Annotated § 16-22-301 (Repl. 1999) provides that "it is the intent of §§ 16-22-302 to -304 to allow an attorney to obtain a lien for services based on his or her agreement with his or her client and to provide for compensation in case of a settlement or compromise without the consent of the attorney." In this case, Mr. Brewer has never ended his contractual relationship with his attorney. There has not been any settlement or compromise of this case with or without the consent of Mr. Brewer's attorney. As such, we find that the attorney lien statute is inapplicable to this case, and the Commission erred in relying on the statute for its decision.

■ However, we cannot say that the Commission's interpretation of its Rule 10 was clearly wrong. Therefore, we hold that Rule 10 gives the Commission the authority to direct appellant to withhold claimant's one-half attorney's fee and pay that amount by separate check to claimant's attorney.

Arkansas Code Annotated § 11-9-205(a)(1)(A) (Repl. 1996) provides that for purposes of administering the provisions of this chapter, the Commission is authorized "to make such rules and regulations as may be found necessary." Under this authority, the Commission promulgated Rule 10, which provides that: "in all

cases where the petition for a fee is presented by attorneys or representatives of a claimant and a fee is granted the fee shall be paid by separate check."

We agree with the Commission that the threshold issue in this case does not involve the issue as to who owes an attorney's fee or by what formula a fee is calculated. Rather, this case involves the issue as to the administrative means of how checks are exchanged. We agree with the Commission that Rule 10 gives it authority to direct that separate checks be remitted directly to a claimant's attorney.

Appellant argues that at the time Rule 10 was promulgated, a different version of Ark. Code Ann. § 11-9-715 was in effect. The requirement that a claimant pay one-half of his attorney's fee was not enacted until 1987. Before 1987, the employer or insurance carrier was required to pay all of the fee. As such, appellant submits that the fee was paid by separate check by the employer or insurance carrier because it could not be taken out of the proceeds of a claimant who owed no fee at all. Appellant argues that therefore the Commission's reliance on Rule 10 was misplaced.

■ In addressing appellant's argument, we conclude that the Commission could have changed Rule 10 when section 11-9-715 was amended, but it did not. Instead, the Commission chose not to alter Rule 10. We will not speculate as to why the Commission decided not to change Rule 10. It is immaterial when Rule 10 was initially promulgated. The fact remains that Rule 10 is still in effect, and that this Rule gives the Commission the power for its orders in this case.

Second, appellant asks this court to hold that it was not under any legal obligation to begin withholding appellee's part of the attorney fee commencing with the ALJ's September 7, 1999, award. The Commission addressed this issue in its May 24, 2001 order, stating that appellant is directed to "*immediately* begin withholding from the benefits payable to claimant an amount equal to 6¹/₂% of the claimant's weekly benefits for future disbursement depending on the outcome of the Trust Fund's appeal to the Court of Appeals." (Emphasis in original). In fact, appellant states in its brief that it appears that the Commission "has conceded that the Trust Fund was not under a legal obligation to withhold monies pursuant to the September 7, 1999 Order of the law judge." We agree.

■ We hold that the Commission did not err in requiring appellant to withhold appellant's one-half attorney's fee from his indemnity benefits, and issue by separate check the withheld monies to appellee's attorney.[1]

Affirmed.

HART, NEAL, VAUGHT, and BAKER, JJ., agree.

ROBBINS, J., dissents.

JOHN B. ROBBINS, Judge, dissenting. I agree with the majority's holding that the attorney's lien statute is inapplicable to this case. However, I do not agree with its holding that Rule 10 authorized the Commission to direct the appellant Death and Permanent Disability Trust Fund to withhold the appellee-claimant's share of his attorney's fee from each compensation check and to remit the amount withheld by separate check directly to the appellee-claimant's attorney. Thus, I would reverse the Commission's decision.

The new Workers' Compensation Act provides that, "Administrative Law Judges, the Commission, and any reviewing courts shall construe the provisions of the chapter strictly." Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996). The claimant's attorney in the instant case is entitled to attorney's fees under Ark. Code Ann. § 11-9-715(a)(2)(B)(i) (Repl. 1996), which provides that fees are paid "One-half ($\frac{1}{2}$) by the employer or carrier in addition to compensation awarded; and one-half ($\frac{1}{2}$) by the injured employee . . . out of compensation payable to them." Construing this statute strictly, as we must, it is the claimant that must pay attorney's fees out of compensation paid to him. The attorney's fee statute at issue does not even mention the Death and Permanent Disability Fund, and the Commission lacks the authority to broaden the statute and order the Fund to write separate checks to the claimant's attorney as payment of fees owed by claimant to his attorney.

---

[1] We note that appellant brought another point on appeal arguing that the Commission erred when in its May 24, 2001 opinion it ordered that appellant should begin immediately to withhold the claimant's one-half fee despite the fact that appellant appealed that order in its April 25, 2001 notice of appeal. However, we need not address this point, as appellant states in its brief that it "now abandons that part of its appeal."

In reaching its decision, the Commission relied on Rule 10, which provides, "In all cases where the petition for a fee is presented by attorneys or representatives of a claimant and a fee is granted, the fee shall be paid by separate check." However, when promulgated, Rule 10 could not have contemplated payment of the claimant's part of his attorney's fees. This is so because Rule 10 became effective in 1982, and the statute requiring the claimant to pay half of the attorney's fees was not enacted until 1987. Before 1987 only the employer, and not the claimant, could be ordered to pay attorney's fees. *See* Ark. Stat. Ann. § 81-1332 (Supp. 1985). The only logical interpretation of Rule 10 is that if an employer is ordered to pay compensation and fees, it writes separate checks to the claimant and claimant's attorney. But Rule 10 does not stand for the proposition that a claimant's portion of the attorney's fees shall be withheld, and paid on claimant's behalf, by the entity paying the compensation.

It is my view that strict construction of the workers' compensation law mandates that the claimant is responsible for his own attorney's fees, and that the Commission erred in ordering appellant to pay the fees on claimant's behalf. If the method of paying attorney's fees in workers' compensation cases is to be changed, I submit that effecting such change is a matter for the legislature and not the appellate courts. I respectfully dissent.