The Honorable Randy Laverty State Senator P.O. Box 165 Jasper, AR 72641
Dear Senator Laverty:
You have presented the following question for my opinion:
 Does the term "travel," as used in A.C.A. § 16-87-212, include the travel of full-time public defender personnel to and from the different courts within a district?
RESPONSE
It is my opinion that state law does not explicitly address the question of whether the Arkansas Public Defender Commission is to pay for the travel of full-time public defender personnel to and from the different courts within a district, but rather, grants the Commission the authority to make this determination.
The statute referenced in your question, A.C.A. § 16-87-212, was originally enacted as a part of Act 1193 of 1993 (codified at A.C.A. §16-87-201 et seq.), which created the Arkansas Public Defender Commission. The part of the statute containing the reference to "travel" states in pertinent part:
 (a)(1) The Arkansas Public Defender Commission is authorized to pay for certain expenses regarding the defense of indigents.
 (2) The expenses shall include, but shall not necessarily be limited to, fees for appointed counsel, expert witnesses, temporary investigators, testing, and travel.
A.C.A. § 16-87-212(a)(1)(2).
In creating the Arkansas Public Defender Commission, Act 1193 of 1993 gave the Commission the following powers and duties (among others):
 (a) The Arkansas Public Defender Commission shall have the following powers and duties:
 (1) To establish policies and standards for the public defender system throughout the state, including standards for determining who qualifies as an indigent person;
 (2) To establish policies and standards for the organization and operation of public defender's offices throughout the state, including funding, compensation, staffing, and standards of experience for attorneys assigned to particular cases;
A.C.A. § 16-87-203(a)(1)(2) (emphasis added).
In my opinion, the above-quoted grant of authority encompasses a grant of authority to the Commission to determine whether the Commission will pay the travel expenses you have described. Although the Commission's current rules and regulations do not address this question, the Commission is the entity having the authority to make this determination. Moreover, the courts will uphold the Commission's determination regarding this matter, unless it is clearly wrong. The Arkansas Supreme Court has consistently held that the interpretation placed on a statute by an agency or department charged with the statute's administration is entitled to great deference and should not be overturned unless clearly wrong. Death Permanent Total Disability v. Brewer, 76 Ark. App. 348, 65 S.W.3d 463
(2002); Cyphers v. United Parcel Service, 68 Ark. App. 62, 3 S.W.3d 698
(1999); Little Rock Cleaning Sys. Inc. v. Weiss, 326 Ark. 1007,935 S.W.2d 268 (1996); Douglass v. Dynamic Enters., Inc., 315 Ark. 575,869 S.W.2d 14 (1994).
The term "travel," as used in A.C.A. § 16-87-212, is not defined. Accordingly, if the Commission interprets that term to include the travel of full-time public defender personnel to and from the different courts within a district, the courts will uphold this interpretation unless it is found to be clearly wrong.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General