The Honorable Gene Jeffress State Senator 1483 Ouachita 47 Louann, AR 71751
Dear Senator Jeffress:
You have presented the following question for my opinion:
 May funds collected by an Advertising Promotion Commission, whether they be from the lodging tax or prepared food tax, be used in any way for economic development? This would include advertising for people to move to a city and business and industry to relocate to said city.
RESPONSE
It is my opinion that the answer to this question will ultimately depend upon whether, given all the pertinent facts of the situation, the expenditure for "economic development" can be construed to fall within the permissible uses of advertising and promotion revenues, as stated in A.C.A. § 26-75-606. The question of whether this expenditure falls within the permissible uses of advertising and promotion revenues is a question of fact that must be determined on the basis of all of the relevant information and circumstances. I am not authorized make this type of factual determination. However, I will set forth the governing principles of law, on the basis of which you can evaluate the expenditure in question.
A.C.A. § 26-75-606 states both the permissible and the impermissible uses of advertising and promotion revenues. I will therefore quote its language in full. It states:
 (a)(1) All funds credited to the city advertising and promotion fund pursuant to this subchapter shall be used for advertising and promoting the city and its environs or for the construction, reconstruction, extension, equipment, improvement, maintenance, repair, and operation of a convention center or for the operation of tourist promotion facilities in the city, and facilities necessary for, supporting, or otherwise pertaining to, a convention center, or for the payment of the principal of, interest on, and fees and expenses in connection with, bonds as provided in this subchapter in the manner as shall be determined by the city advertising and promotion commission. The city advertising and promotion commission may engage such personnel and agencies and incur such administrative costs that it deems necessary to conduct its business.
 (2) The commission is the body that determines the use of the city advertising and promotion fund. Pursuant to this section, if the commission determines that funding of the arts is necessary for or supporting of its city's advertising and promotion endeavors, it can use its funds derived from the hotel and restaurant tax.
 (b)(1) Any city of the first class which is authorized to levy and does levy a tax pursuant to this subchapter is authorized to use or pledge all, or any part of, the revenues derived from the tax for the purposes prescribed in this subchapter or for the operation of tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities, or for the retirement of bonds issued for the establishment and operation of other tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities. These revenues shall be used or pledged for the purposes authorized in this subsection only upon approval of the city advertising and promotion commission created pursuant to this subchapter.
 (2) Funds credited to the city advertising and promotion fund pursuant to this subchapter may be used, spent, or pledged by the commission, in addition to all other purposes prescribed in this subchapter, on and for the construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city, including but not limited to facilities constituting city parks, and also for the payment of the principal of, interest on, and fees and expenses in connection with, bonds, as provided in this subchapter, in the manner as shall be determined by the city advertising and promotion commission for the purpose of such payment.
 (c)(1) All local taxes levied as authorized in § 26-75-602 (a) shall be credited to the city advertising and promotion fund and shall be used for the purposes described in subsections (a) and (b) of this section.
(2) Such taxes shall not be used:
(A) For general capital improvements within the city;
(B) For the costs associated with the general operation of the city; or
 (C) For general subsidy of any civic groups or the chamber of commerce.
 (3) However, the advertising and promotion commission may contract with such groups to provide to the commission actual services that are connected with tourism events or conventions.
 (4) The authorization and limitations contained in this subsection shall be reasonably construed so as to provide funds for promoting and encouraging tourism and conventions while not allowing such special revenues to be utilized for expenditures that are normally paid from general revenues of the city.
A.C.A. § 26-75-606.
An expenditure for "economic development" could, if the facts of the situation so indicate, conceivably fall within the broad uses of advertising and promotion fund described in Sections (a)(1), (b)(1), or (c)(4). In order to fall within these broadly stated uses, the pertinent facts and circumstances must establish that the expenditure for "economic development" is an expenditure for "advertising and promoting the city and its environs," or is an expenditure for "tourist-oriented facilities," or is an expenditure for "promoting and encouraging tourism."
At the same time, however, the proponents of such an expenditure must be able to establish that it does not constitute an expenditure for general capital improvements, that it does not constitute a subsidy of a private organization, and that it does not constitute an expenditure that is normally paid from general revenues of the city.
Again, these are all questions of fact that must be determined on the basis of all of the pertinent information and circumstances. I must note, however, that the overall tenor of the Advertising and Promotion Commission Act (A.C.A. § 26-75-601 through 618) clearly is aimed at developing tourism in cities for the purpose of increasing revenues that are derived from tourism. If the ultimate goal of the expenditure for "economic development" is to attract permanent residents and businesses to the city, it may be difficult for the proponents of the expenditure to establish that it falls within the permissible uses of advertising and promotion funds, and that it is not an expenditure for general capital improvements or an expenditure that is normally paid from general revenues of the city. On the other hand, the Advertising and Promotion Commission is given broad discretion to determine the uses of the funds.See, e.g., Ops. Att'y Gen. Nos. 2002-310; 2001-031; 98-112; 97-259; 96-383. If the Commission's decision regarding the use of the funds is challenged, the courts will give it considerable deference and will uphold it unless it is clearly wrong. The Arkansas courts have applied this standard in reviewing the interpretation of a statute by a body that is charged with administering that statute. See, e.g., Death PermanentTotal Disability v. Brewer, 76 Ark. App. 348, 65 S.W.3d 463 (2002);Yamaha Motor Corp. v. Richard's Honda Yamaha, 344 Ark. 44, 38 S.W.3d 356
(2001); Cyphers v. United Parcel Service, 68 Ark. App. 62, 3 S.W.3d 698
(1999); Little Rock Cleaning Sys. Inc. v. Weiss, 326 Ark. 1007,935 S.W.2d 268 (1996); Douglass v. Dynamic Enters., Inc., 315 Ark. 575,869 S.W.2d 14 (1994).
Accordingly, I conclude that if an expenditure for "economic development" can be construed under all of the pertinent facts to fall within the permissible uses of advertising and promotions funds, as stated in A.C.A. § 26-75-606, and not to fall within one of the impermissible uses, that expenditure may be made.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General