The Honorable David Dunn State Representative Post Office Box 208 Forrest City, AR 72336-0208
Dear Representative Dunn:
I am writing in response to your request for an opinion on the following question:
 Can advertising and promotion funds be spent on public high school athletic facilities or donated to public school athletic booster clubs or fundraising efforts?
RESPONSE
Only a finder of fact acquainted with all of the pertinent circumstances in any particular case would be able to answer this question. As a general proposition, an advertising and promotion commission may expend funds to promote and encourage tourism and conventions. A.C.A. §26-75-606(c)(4). With respect to donating funds to a public school athletic booster club or fundraising effort, determining the nature of the organizations at issue and the relationship between their activities and the promotion of tourism and conventions would require undertaking a factual inquiry of the sort I am neither equipped nor authorized to conduct.
Determining whether expenditures in support of high school athletics can be construed as falling within the permissible uses of advertising and promotion revenues will require application to the facts of A.C.A. §26-75-606 (Repl. 1997), as amended by Act 2241 of 2005, which provides:
(a)(1)(A) All funds credited to the city advertising and promotion fund pursuant to this subchapter shall be used for advertising and promoting the city and its environs or for the construction, reconstruction, extension, equipment, improvement, maintenance, repair, and operation of a convention center or for the operation of tourist promotion facilities in the city or the county where the city is located if the city owns an interest in the center or facility, and facilities necessary for, supporting, or otherwise pertaining to, a convention center, or for the payment of the principal of, interest on, and fees and expenses in connection with, bonds as provided in this subchapter in the manner as shall be determined by the city advertising and promotion commission.
 (B) The city advertising and promotion commission may engage such personnel and agencies and incur such administrative costs that it deems necessary to conduct its business.
 (2) The commission is the body that determines the use of the city advertising and promotion fund. Pursuant to this section, if the commission determines that funding of the arts is necessary for or supporting of its city's advertising and promotion endeavors, it can use its funds derived from the hotel and restaurant tax.
(3) [Repealed].
 (b)(1) Any city of the first class which is authorized to levy and does levy a tax pursuant to this subchapter is authorized to use or pledge all, or any part of, the revenues derived from the tax for the purposes prescribed in this subchapter or for the operation of tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities, or for the retirement of bonds issued for the establishment and operation of other tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities. These revenues shall be used or pledged for the purposes authorized in this subsection only upon approval of the city advertising and promotion commission created pursuant to this subchapter.
 (2) Funds credited to the city advertising and promotion fund pursuant to this subchapter may be used, spent, or pledged by the commission, in addition to all other purposes prescribed in this subchapter, on and for the construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city or the county where the city is located if the city owns an interest in the center or facility, including, but not limited to, facilities constituting city parks, and also for the payment of the principal of, interest on, and fees and expenses in connection with, bonds, as provided in this subchapter, in the manner as shall be determined by the city advertising and promotion commission for the purpose of such payment.
 (c)(1) All local taxes levied as authorized in § 26-75-602(a) shall be credited to the city advertising and promotion fund and shall be used for the purposes described in subsections (a) and (b) of this section.
(2) Such taxes shall not be used:
(A) For general capital improvements within the city or county;
 (B) For the costs associated with the general operation of the city or county; or
 (C) For general subsidy of any civic groups or the chamber of commerce.
 (3) However, the advertising and promotion commission may contract with such groups to provide to the commission actual services that are connected with tourism events or conventions.
 (4) The authorization and limitations contained in this subsection shall be reasonably construed so as to provide funds for promoting and encouraging tourism and conventions while not allowing such special revenues to be utilized for expenditures that are normally paid from general revenues of the city.
A.C.A. § 26-75-606.
This statute authorizes different varieties of specific expenditures in its different subsections. Subsection (a)(1) authorizes advertising and promoting the city and its environs and constructing and operating a convention center. Subsection (a)(2) authorizes funding the arts. Subsection (b)(1) authorizes funding "tourist-oriented facilities, including . . . theme parks and other family entertainment facilities." Subsection (b)(2) additionally authorizes funding "public recreation facilities," including "city parks." Subsection (c)(2)(C) expressly prohibits using advertising and promotion funds to subsidize "civic groups."
None of these subsections expressly authorizes an expenditure of the sort you have recited in your request. However, several other statutory provisions persuade me that such expenditures might be authorized with respect to the funding of "public high school athletic facilities." First, I am struck by the breadth of the provision in A.C.A. §26-75-606(c)(4) authorizing an advertising and promotion commission "to provide funds for promoting and encouraging tourism and conventions." Secondly, the commission is expressly granted the authority to determine whether a particular expenditure is, in fact, advancing the ends just recited. A.C.A. § 26-75-606(a)(2).
I and several of my predecessors have in past opinions addressed issues similar to the ones that you have raised. In Ark. Op. Att'y Gen. No2003-154, I approved as proper in form and consistent with Arkansas law an interlocal agreement among various entities, including the North Little Rock Advertising and Promotion Commission, that called for the improvement, repair, and operation of the Wildcat Stadium and Athletic Field located at the North Little Rock High School East Campus. However, in approving the agreement, I offered the following caveats:
 Although the agreement does not outline any of the particular requirements of law by which the individual parties are bound (nor is it required to do so), the parties must nevertheless be diligent in complying with the various strictures of law that could impact upon their participation in the agreement. See, e.g., Ark. Const., Art. 12, § 4 (concerning local governments' fiscal affairs); Ark. Const., Art. 12, § 5 (concerning local governments lending credit); A.C.A. § 14-58-501 et seq. and A.C.A. § 26-73-114 (concerning financial aid by cities to public schools); A.C.A. § 26-75-606 (concerning permissible uses of advertising and promotion funds); A.C.A. § 14-269-305
(concerning restrictions on the use of park funds); Ark. Const., Art. 14, §§ 2 and 3, and A.C.A. § 6-21-101 (concerning the use of school property by non-school entities and for non-school purposes.
(Emphasis added.)
In another opinion, one of my predecessors, in the course of addressing whether the Dumas Advertising and Promotion Commission could pay for the Dumas High School team's football jerseys, offered the following analysis of the above referenced A.C.A. § 26-75-606:
 The use of advertising and promotion funds is governed by the provisions of A.C.A. § 26-75-606. That statute not only specifies certain permissible and impermissible uses of the fund (none of which applies to the use you have described), see A.C.A. § 26-75-606(a) and (b), but it also includes the following general description . . . of how such funds should be used:
 (4) The authorization and limitations contained in this subsection shall be reasonably construed so as to provide funds for promoting and encouraging tourism and conventions while not allowing such special revenues to be utilized for expenditures that are normally paid from general revenues of the city.
A.C.A. § 26-75-606(c)(4) [emphasis added in previous opinion].
 The advertising and promotion commission is expressly granted the authority to determine the use of the funds, within the parameters established by the statute. That grant of authority states:
 (2) The commission is the body that determines the use of the city advertising and promotion fund.
A.C.A. § 26-75-606(a)(2).
 I have previously opined, as did my predecessor, that the advertising and promotion commission has wide discretion in determining factually whether a particular use of advertising and promotion funds falls within the permissible uses thereof as stated in A.C.A. § 26-75-606. See, e.g., Ops. Att'y Gen. Nos. 2001-031; 98-112; 97-259; 96-383. The Arkansas courts have consistently held that a body's interpretation of a statute that it is charged with administering will be given considerable deference and will not be overturned unless it is clearly wrong. See, e.g., Death Permanent Total Disability v. Brewer, 76 Ark. App. 348, 65 S.W.3d 463 (2002); Yamaha Motor Corp. v. Richard's Honda Yamaha, 344 Ark. 44, 38 S.W.3d 356 (2001); Cyphers v. United Parcel Service, 68 Ark. App. 62, 3 S.W.3d 698 (1999); Little Rock Cleaning Sys. Inc. v. Weiss, 326 Ark. 1007, 935 S.W.2d 268 (1996); Douglass v. Dynamic Enters., Inc., 315 Ark. 575, 869 S.W.2d 14 (1994). Thus, if the Dumas Advertising and Promotion Commission determined factually that the use of advertising and promotion funds to help purchase high school football uniforms would "promot[e] and encourag[e] tourism and conventions" in Dumas, its determination will be upheld unless a court finds that determination to be clearly wrong.
Ark. Op. Att'y Gen. No. 2002-310, at 2-3. I concur with my predecessor in concluding that the ultimate determination will be one of fact and that an advertising and promotion commission's determination that a particular expenditure will promote tourism and conventions will be afforded considerable deference upon review.
However, having offered this opinion, I feel obliged to emphasize that to satisfy the law donating advertising and promotion funds to a high-school athletic booster club or fundraising effort must be related to tourism and conventions. I believe a finder of fact faced with the issue would in all likelihood vigorously inquire into what factual nexus existed between the expenditures and the permissible ends of advertising and promotion. Moreover, a finder of fact would also inquire vigorously into the organizational structure of the booster club or fundraising effort. Article 12, § 5 of the Arkansas Constitution forbids any local governmental entity to "appropriate money for, or loan its credit to, any corporation, association, institution or individual." I am attaching for your information a copy of Ark. Op. Att'y Gen. No. 1999-408, in which my predecessor analyzed in detail the constitutional restrictions that apply to a local unit of government's donating its public funds. As my predecessor pointed out in his analysis, as a black-letter proposition of law, a local unit of government is precluded from donating money to a private, nonprofit corporation. Only a finder of fact familiar with all the attendant circumstances would be situated to determine whether the described donations would be barred by the principles of constitutional law my predecessor addressed.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh