The Honorable Clark Hall State Representative 302 Elm Street Marvell, AR 72366-8729
Dear Representative Hall:
I am writing in response to your request for my opinion on the following questions:
 1. May the City of Helena-West Helena use Advertising and Promotion (A P) Commission funds to renovate and repair the bleachers and concession stand area of the Helena-West Helena High School?
 2. Does it make any difference that the property to be improved is owned by the Helena-West Helena School District and not the City of Helena-West Helena?
RESPONSE
With respect to your first question, a local A P commission has considerable discretion to commit funds to encourage tourism and conventions in the city it serves. The question of whether the proposed use of the funds in this instance would fall within the commission's authority is one of fact that I am neither situated nor authorized to address. With respect to your second question, A.C.A. § 26-75-606(b)(2), which addresses the financing by an A P commission of "public recreation facilities" in the city or county, authorizes such an expenditure only if the city "owns an interest in the center or facility." I question, however, whether the legislature intended the referenced "facilities" to include areas of the sort at *Page 2 
issue here. Although the law on this issue would benefit from legislative clarification, I believe the proposed expenditures would pass muster if the A P commission reasonably concluded that they would promote tourism and/or conventions.
Question 1: May the City of Helena-West Helena use Advertising andPromotion (A P) Commission funds to renovate and repair the bleachersand concession stand area of the Helena-West Helena High School?
In my opinion, the local A P commission might commit funds to this project if it reasonably concluded that the expenditure would promote and encourage tourism and/or conventions in the City of Helena-West Helena. I believe a reviewing court would uphold the commission's determination in this regard unless the court concluded that the commission's decision was clearly wrong.
As you acknowledge in your opinion request, this office has addressed questions materially indistinguishable from your own on at least three occasions. Most recently, in the attached Ark. Op. Att'y Gen. No.2005-176, my immediate predecessor addressed whether a local A P commission could expend funds on public high school athletic facilities. My predecessor identified as the pertinent legislation A.C.A. §26-75-606 (currently codified at Supp. 2007), which provides in pertinent part:
 (a)(1)(A) In the manner as shall be determined by the municipal advertising and promotion commission, all funds credited to the city advertising and promotion fund pursuant to this subchapter shall be used for the:
 (i) Advertising and promoting of the city and its environs;
 * * * (iv) Payment of the principal of, interest on, and fees and expenses in connection with bonds as provided in this subchapter.
 (B) The commission may engage such personnel and agencies and incur such administrative costs as it deems necessary to conduct its business. *Page 3 
(2)(A) The commission is the body that determines the use of the city advertising and promotion fund.
 * * * (b)(1)(A) Any city of the first class that may levy and does levy a tax pursuant to this subchapter may use or pledge all or any part of the revenues derived from the tax for the purposes prescribed in this subchapter or for the operation of tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities or for the retirement of bonds issued for the establishment and operation of other tourist-oriented facilities, including, but not limited to, theme parks and other family entertainment facilities.
 (B) These revenues shall be used or pledged for the purposes authorized in this subsection only upon approval of the commission created pursuant to this subchapter.
 (2) Funds credited to the city advertising and promotion fund pursuant to this subchapter may be used, spent, or pledged by the commission, in addition to all other purposes prescribed in this subchapter, on and for the construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in the city or the county where the city is located if the city owns an interest in the center or facility, including, but not limited to, facilities constituting city parks and also for the payment of the principal of, interest on, and fees and expenses in connection with bonds as provided in this subchapter in the manner as shall be determined by the commission for the purpose of such payment.
 (c)(1) All local taxes levied as authorized in § 26-75-602(a) shall be credited to the city advertising and promotion fund and shall be used for the purposes described in subsections (a) and (b) of this section.
 (2) The taxes shall not be used: *Page 4 
 (A) For general capital improvements within the city or county;
 (B) For the costs associated with the general operation of the city or county; or
 (C) For general subsidy of any civic group or the chamber of commerce.
 (3) However, the commission may contract with such groups to provide to the commission actual services that are connected with tourism events or conventions.
 (4) The authorization and limitations contained in this subsection shall be reasonably construed so as to provide funds for promoting and encouraging tourism and conventions while not allowing such special revenues to be utilized for expenditures that are normally paid from general revenues of the city.
In discussing the application of this statute, my predecessor offered the following:
 I and several of my predecessors have in past opinions addressed issues similar to the ones that you have raised. In Ark. Op. Att'y Gen. No 2003-154, I approved as proper in form and consistent with Arkansas law an interlocal agreement among various entities, including the North Little Rock Advertising and Promotion Commission, that called for the improvement, repair, and operation of the Wildcat Stadium and Athletic Field located at the North Little Rock High School East Campus. However, in approving the agreement, I offered the following caveats:
 Although the agreement does not outline any of the particular requirements of law by which the individual parties are bound (nor is it required to do so), the parties must nevertheless be diligent in complying with the various strictures of law that could impact upon their participation in the agreement. See, e.g., Ark. Const., Art. 12, § 4
(concerning local governments' fiscal affairs); Ark. Const., Art. 12, § 5 (concerning local governments lending credit); *Page 5 
A.C.A. § 14-58-501 et seq. and A.C.A. § 26-73-114
(concerning financial aid by cities to public schools); A.C.A. § 26-75-606 (concerning permissible uses of advertising and promotion funds); A.C.A. § 14-269-305 (concerning restrictions on the use of park funds); Ark. Const., Art. 14, §§ 2 and 3, and A.C.A. § 6-21-101
(concerning the use of school property by non-school entities and for non-school purposes.
 (Emphasis added.)
As my predecessor pointed out in Opinion No. 2002-310:
 [T]he advertising and promotion commission has wide discretion in determining factually whether a particular use of advertising and promotion funds falls within the permissible uses thereof as stated in A.C.A. § 26-75-606. See, e.g., Ops. Att'y Gen. Nos. 2001-031; 98-112; 97-259; 96-383. The Arkansas courts have consistently held that a body's interpretation of a statute that it is charged with administering will be given considerable deference and will not be overturned unless it is clearly wrong. See, e.g., Death Permanent Total Disability v. Brewer, 76 Ark. App. 348, 65 S.W.3d 463 (2002); Yamaha Motor Corp. v. Richard's Honda Yamaha, 344 Ark. 44, 38 S.W.3d 356 (2001); Cyphers v. United Parcel Service, 68 Ark. App. 62, 3 S.W.3d 698 (1999); Little Rock Cleaning Sys. Inc. v. Weiss, 326 Ark. 1007, 935 S.W.2d 268
(1996); Douglass v. Dynamic Enters., Inc., 315 Ark. 575, 869 S.W.2d 14 (1994). Thus, if the Dumas Advertising and Promotion Commission determined factually that the use of advertising and promotion funds to help purchase high school football uniforms would "promot[e] and encourag[e] tourism and conventions" in Dumas, its determination will be upheld unless a court finds that determination to be clearly wrong.
Nevertheless, I feel obliged to stress that an A P commission in the exercise of its broad discretion must remain committed to expending its funds only in the cause of promoting tourism and conventions. I should further note that A.C.A. § 26-75-606(b)(2), which addresses the financing by an A P commission of "public *Page 6 
recreation facilities" in the city or county, authorizes such an expenditure only if the city "owns an interest in the center or facility." Given your report that the school district exclusively owns the high school at issue, a finder of fact might conceivably conclude that the commission is statutorily barred from making the expenditures contemplated in your request. By the same token, however, subsection (b)(1) of the statute without limitation authorizes an A P commission to expend its resources to support "family entertainment facilities" — a category that might conceivably be read as including the school facilities at issue in your request. I question, however, whether the legislature intended either of these statutory terms to apply to facilities such as a high-school concession area or bleachers, leaving the operative issue being whether the proposed use of funds might reasonably be deemed to promote tourism or conventions.
Finally, I must note that the power of a city or its agencies to provide funds without consideration to some other entity is bounded by the constitutional strictures of Ark. Const. art. 12, § 5, which forbids any local governmental entity to "appropriate money for, or loan its credit to, any corporation, association, institution or individual." I am attaching for your information a copy of Ark. Op. Att'y Gen. No.1999-408, which addresses in detail the constitutional restrictions that apply to a local unit of government's donating its public funds. Without repeating my analysis, I will simply offer that a statutorily authorized gift of money by a city to a public entity like a school district in the city, would not offend the constitution.
Question 2: Does it make any difference that the property to beimproved is owned by the Helena-West Helena School District and not theCity of Helena-West Helena?
For reasons discussed in my response to your first question, I believe the answer to this question is "no." In my opinion, a city's donation through its A P commission of funds to another purely public entity contained within its territorial jurisdiction would be permissible so long as the expenditure served the taxpayer-approved purpose of promoting tourism and/or conventions. As noted above, only a finder of fact could determine whether the expenditures would indeed serve such a purpose. *Page 7 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1